Filed 4/15/13

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GOHAR BARSEGIAN, as Trustee, etc.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KESSLER & KESSLER et al.,<br><br>    Defendants and Appellants. | B237044<br><br>(Los Angeles County<br>Super. Ct. No. SC113248) |

        APPEAL from an order of the Superior Court of Los Angeles County.
John L. Segal, Judge.  Affirmed.

—————

        Nemecek & Cole, Jonathan B. Cole, Frank W. Nemecek, Mark Schaeffer, and
Jonathan M. Starre for Plaintiff and Respondent.

        Cox, Castle & Nicholson, Perry S. Hughes, Alicia N. Vaz, and Melissa S. Lam for
Defendants and Appellants.

—————

_____

[*]        Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is
certified for publication with the exception of parts I and III of the Discussion.

Gohar Barsegian filed suit against attorney Warren J. Kessler and the law firm of Kessler & Kessler (collectively "the Kessler defendants"), Danny Pakravan, and 218 LLC, a limited liability company of which Pakravan was the sole member. The Kessler defendants moved to compel arbitration, but the remaining defendants did not. The trial court denied the motion to compel on grounds of waiver and the possibility of inconsistent rulings resulting from litigation with third parties, namely, Pakravan, 218 LLC, and Newman. The Kessler defendants appeal. We affirm on the basis of the possibility of inconsistent rulings resulting from litigation with third parties, and we therefore do not reach the issue of waiver.

In support of their argument for reversal, the Kessler defendants argue that because Barsegian's operative first amended complaint alleges that all defendants are agents of one another, that allegation is a binding judicial admission that gives Pakravan, 218 LLC, and Newman the right to enforce the arbitration agreement between Barsegian and the Kessler defendants. On that basis, the Kessler defendants conclude that Pakravan, 218 LLC, and Newman are not "third parties" to that arbitration agreement within the meaning of Code of Civil Procedure section 1281.2, subdivision (c).[1] We hold that the Kessler defendants' argument lacks merit because, in the context of this case, Barsegian's allegation that all defendants are one another's agents is not a judicial admission.

## BACKGROUND

According to the allegations of the first amended complaint, in 2007 Barsegian sold property in Arizona and "began looking for replacement property to purchase for the purpose of completing a 1031 exchange." (See 26 U.S.C. § 1031.) Barsegian's then-boyfriend, Newman, introduced her to his brother-in-law, Pakravan. Pakravan was interested in selling a property in California (the Property) owned by 218 LLC.

Pakravan allegedly recommended to Barsegian that she retain the Kessler defendants to represent her in the purchase of the Property. According to the complaint,

---

[1]     All subsequent statutory references are to the Code of Civil Procedure.

Pakravan and the Kessler defendants "had a longstanding attorney-client relationship" of which Barsegian was unaware, and the Kessler defendants "secretly represented" Pakravan in the sale of the Property at the same time that they represented Barsegian in the same matter.

In approximately April 2008, Barsegian entered into an agreement to purchase the Property for $3,781,000 and lease it back to 218 LLC. She also borrowed nearly half of the purchase price from 218 LLC.

In January 2010, 218 LLC stopped paying rent on the Property. The absence of rental income left Barsegian unable to make her loan payments to 218 LLC, which then threatened her with foreclosure.

In March 2011, Barsegian filed suit in Riverside County Superior Court against 218 LLC, Pakravan, and Newman, alleging breach of lease, fraud, and related claims. One month later, Barsegian amended her complaint to add the Kessler defendants and to allege several additional claims, including legal malpractice.

In June 2011, upon stipulation of all parties, the trial court in Riverside County transferred the action to Los Angeles County. In August 2011, the Kessler defendants demurred to all causes of action. In September 2011, the court sustained the demurrer with leave to amend.

On October 3, 2011, the Kessler defendants moved to compel arbitration pursuant to an arbitration provision contained in the engagement agreement between Barsegian and Kessler & Kessler. The Kessler defendants also sought to recover attorney fees of $4,840 incurred in moving to compel arbitration. Barsegian opposed the motion on the grounds that (1) the Kessler defendants had waived their right to compel arbitration and (2) her claims against 218 LLC, Pakravan, and Newman, arising from the same transaction, created a possibility of conflicting rulings on common issues of law or fact. (See § 1281.2, subd. (c).) Barsegian also sought to recover attorney fees of $9,100 incurred in opposing the motion.

Pakravan and 218 LLC did not move to compel arbitration. At the hearing on the Kessler defendants' motion to compel arbitration, counsel for Pakravan and 218 LLC

3

stated that if the court granted the Kessler defendants' motion, then Pakravan and 218 LLC "would consent to arbitration." The purchase agreement and the lease, both of which are attached as exhibits to Barsegian's first amended complaint, contain arbitration provisions. (The parties initialed the arbitration provision in the purchase agreement, but neither party initialed the arbitration provision in the lease.)

The trial court denied the Kessler defendants' motion on both grounds argued by Barsegian. The Kessler defendants timely appealed.

## STANDARD OF REVIEW

"An order denying a petition to compel arbitration is appealable. (§ 1294, subd. (a).) An order denying arbitration is generally reviewed for abuse of discretion. [Citation.] The de novo standard of review applies only where the trial court's denial of a petition to arbitrate presents a pure question of law. [Citation.] [¶] Here, the proper interpretation and application of section 1281.2, subdivision (c), is a legal question reviewed de novo. [Citations.] If the statute is properly invoked, then we review under the abuse of discretion standard the trial court's decision to refuse to compel arbitration under section 1281.2, subdivision (c). [Citation.]" (*Birl v. Heritage Care, LLC* (2009) 172 Cal.App.4th 1313, 1318.)

## DISCUSSION

Under section 1281.2, subdivision (c), a court may decline to compel arbitration if "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." The Kessler defendants argue on multiple grounds that the trial court erred by denying their motion to compel arbitration on the basis of section 1281.2, subdivision (c). We are not persuaded.

I.      Pakravan and 218 LLC's Willingness to Arbitrate

The Kessler defendants argue that "the basis for the superior court's denial did not exist," because Pakravan and 218 LLC stated at the hearing "that they were willing to go to arbitration . . . so that there would not be the possibility of inconsistent rulings."

4

We disagree. Barsegian has not consented to arbitration with any defendant, so there will be no arbitration of her claims against Pakravan and 218 LLC unless those defendants successfully move to compel arbitration. But neither of them has moved, successfully or unsuccessfully, to compel arbitration. For these reasons, Pakravan and 218 LLC's counsel's oral consent to arbitration does not show that the possibility of inconsistent rulings—between litigation with Pakravan and 218 LLC, on the one hand, and arbitration with the Kessler defendants, on the other—did not exist.

## II. Judicial Admissions

The Kessler defendants contend that the first amended complaint's allegation that "each of the defendants was the principal, partner, co-venturer, agent, servant, trustee, or employee of each of the other defendants herein" constitutes a binding judicial admission. On that basis, the Kessler defendants argue that because all defendants are therefore agents of each other, they are all entitled to enforce each other's arbitration agreements, so no defendant is a "third party" to the Kessler defendants' arbitration agreement within the meaning of section 1281.2, subdivision (c). We disagree.

We begin by noting the sweeping implications of the Kessler defendants' argument. Complaints in actions against multiple defendants commonly include conclusory allegations that all of the defendants were each other's agents or employees and were acting within the scope of their agency or employment. Prominent treatises, while recognizing that the Supreme Court has described such allegations as "egregious examples of generic boilerplate" (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 134, fn. 12), still advise that "such allegations may be necessary," especially "at the outset of a lawsuit, before discovery." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶¶ 6:152 to 6:153, pp. 6-48 to 6-49; see also Cal. Forms of Pleading and Practice (Matthew Bender 2012) § 20.55, pp. 20-38.2 to 20-39 [providing forms for such "commonly used" allegations and noting that they constitute "a sufficient allegation of actual agency to withstand general demurrer"].) If the Kessler defendants' argument were sound, then in every multi-defendant case in which the complaint contained such boilerplate allegations of mutual agency, as long as

5

*one* defendant had entered into an arbitration agreement with the plaintiff, *every* defendant would be able to compel arbitration, regardless of how tenuous or nonexistent the connections among the defendants might actually be.

The implausibility of that conclusion might lead one to suspect that the argument lacks merit. Analysis of the concept of a judicial admission confirms that suspicion.

"Judicial admissions may be made in a pleading, by stipulation during trial, or by response to request for admission. [Citations.] Facts established by pleadings as judicial admissions '"are conclusive concessions of the truth of those matters, are effectively removed as issues from the litigation, and may not be contradicted, by the party whose pleadings are used against him or her." . . . [Citations.]' [Citation.]" (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 746; see also *Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1271 (*Valerio*) [a judicial admission "is a *waiver of proof* of a fact by conceding its truth, and it has the effect of removing the matter from the issues"].)

It follows from the foregoing definition of a judicial admission that not every factual allegation in a complaint automatically constitutes a judicial admission. Otherwise, a plaintiff would conclusively establish the facts of the case by merely alleging them, and there would never be any disputed facts to be tried.

Rather, a judicial admission is ordinarily *a factual allegation by one party that is admitted by the opposing party*. The factual allegation is removed from the issues in the litigation because the parties *agree* as to its truth. Thus, facts to which adverse parties stipulate are judicially admitted. (See, e.g., *In re Marriage of Hahn* (1990) 224 Cal.App.3d 1236, 1238-1239.) Similarly, in discovery when a party propounds requests for admission, any facts admitted by the responding party constitute judicial admissions. (See, e.g., *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 978-979; Code Civ. Proc., § 2033.410.) And when an answer admits certain factual

6

allegations contained in a complaint or cross-complaint, those facts are likewise judicially admitted.[2] (See, e.g., *Valerio*, *supra*, 103 Cal.App.4th at p. 1271.)

A judicial admission is therefore conclusive both as to the admitting party *and as to that party's opponent*. (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 454, p. 587.) Thus, if a factual allegation is treated as a judicial admission, then neither party may attempt to contradict it—the admitted fact is effectively conceded *by both sides*.

Although the Kessler defendants frame their argument using the term "judicial admission" and rely on case law concerning judicial admissions, their counsel confirmed at oral argument that they do not in fact wish to treat Barsegian's allegation of mutual agency as a judicial admission, because the Kessler defendants *do* wish to be able to contest the truth of that allegation, either in court or before an arbitrator. That is, the Kessler defendants wish to hold Barsegian to the mutual agency allegation only for purposes of the motion to compel arbitration, but, should they succeed in compelling arbitration on the basis of that allegation, they wish to retain the right to prove to the arbitrator that the allegation is false. That is not how judicial admissions operate. We conclude that the Kessler defendants do not in fact wish to treat the mutual agency allegation as a judicial admission (because they do not admit the truth of Barsegian's allegation), and we will not treat it as such. It is merely a factual allegation by Barsegian that, like many of Barsegian's allegations, defendants decline to admit.[3]

---

[2] A judicial admission in a pleading is not set in stone, however, because "[t]he trial judge . . . has discretion to relieve a party from the effects of a judicial admission by permitting amendment of a pleading[.]" (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 454, p. 587.) In addition, in certain contexts a party may be permitted to introduce evidence contradicting the party's own allegations even in the absence of an amendment. (See *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1210-1211 [individual defendants moving for summary judgment could rely on the complaint's allegations that they were acting within scope of their employment, but the plaintiff could oppose summary judgment on the basis of evidence that the individual defendants were not acting within the scope of their employment].)

[3] Under appropriate circumstances, an allegation of agency can be sufficient to support a motion to compel arbitration even if the allegation is not treated as a judicial admission. For example, in *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, because

In support of their contention that the allegation of mutual agency should be treated as a judicial admission, the Kessler defendants cite *Thomas v. Westlake* (2012) 204 Cal.App.4th 605. That case is distinguishable, however, because it does not make clear whether the mutual agency of the defendants was conceded by all sides for all purposes. Here, in contrast, we know that the Kessler defendants do *not* concede that all defendants were agents of one another. And as *Thomas v. Westlake* itself states, "it would be unfair" to allow a party "to invoke agency principles when it is to [that party's] advantage to do so, but to disavow those same principles when it is not." (*Thomas v. Westlake*, *supra*, 204 Cal.App.4th at p. 615.)

Because the mutual agency of all defendants is not a judicially admitted fact, the Kessler defendants' argument that Pakravan, 218 LLC, and Newman are not "third parties" within the meaning of subdivision (c) of section 1281.2 lacks merit.[4]

III.     Further Trial Court Proceedings

The Kessler defendants raise an argument based on trial court proceedings that took place while this appeal was pending. It appears that after filing their notice of appeal, the Kessler defendants applied to the trial court ex parte to confirm that the action was stayed as to them, pending appeal. Pakravan and 218 LLC apparently then joined that application, seeking to stay the action as to themselves pending the Kessler defendants' appeal. Barsegian did not oppose the Kessler defendants' application but did

_____

the individual defendants were not liable at all if they were not parties to the arbitration agreement, the allegation that they were "the owners, operators, managing agents, and in control" of an entity that was a party to the agreement was a sufficient basis on which to compel arbitration of the claims against the individuals. (*Id.* at p. 418.) Here, Barsegian's claims against the Kessler defendants do not depend upon the boilerplate allegation that all defendants are each other's agents, and the Kessler defendants do not argue to the contrary.

[4]     Because we conclude that the allegation that all defendants are each other's agents does not constitute a judicial admission, we need not and do not express an opinion on the issue of whether, if Pakravan and 218 LLC were agents of the Kessler defendants, then Pakravan and 218 LLC would automatically have the right to enforce the Kessler defendants' arbitration agreement with Barsegian.

oppose the stay request of Pakravan and 218 LLC, contending that if her case against Pakravan and 218 LLC "resolves," then "maybe it resolves the case against the Kessler defendants." On appeal, the Kessler defendants argue that Barsegian's contention shows that the trial court erred by denying their motion on the basis of section 1281.2, subdivision (c). We disagree.

If Barsegian's claims against Pakravan and 218 LLC are resolved against her, then that could conceivably resolve her claims against the Kessler defendants as well, by exonerating them. Or if Barsegian prevails against Pakravan and 218 LLC and obtains sufficient compensation from them, then she might abandon her claims against the Kessler defendants. In these ways, Barsegian's contention (that if her case against Pakravan and 218 LLC "resolves," then her case against the Kessler defendants might "resolve" as well) was correct. But it has no tendency to show that there is no possibility of inconsistent rulings if the case against the Kessler defendants proceeds in arbitration and the case against Pakravan and 218 LLC proceeds in court. It accordingly does not show that the trial court erred.

For all of the foregoing reasons, we affirm the trial court's order denying the Kessler defendants' motion to compel arbitration.[5]

---

[5] Because we conclude that the motion was properly denied on the basis of subdivision (c) of section 1281.2 and the existence of litigation with Pakravan and 218 LLC, we need not address the issue of waiver or the Kessler defendants' contention that Newman is a "sham" defendant.

DISPOSITION

The order is affirmed.  Respondent shall recover her costs of appeal.

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>.


ROTHSCHILD, J.

We concur:


MALLANO, P. J.


CHANEY, J.