Filed 11/20/15  Villa v. Bloemen CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RICHARD D. VILLA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WILLIAM BLOEMEN<br><br>        Defendant and Respondent. | A143829<br><br>(Contra Costa County<br>Super. Ct. No. C1102200) |

Appellant Richard D. Villa appeals from an order sustaining the demurrer of respondent William and Betty Bloemen to the first amended complaint without leave to amend.  Respondent, a married couple, are the owners of a residential property in which only their son, Michael Bloemen, resides.  Michael invited appellant and others to the property for a party at which illegal drugs were used.  One of the guests, Jonathan Magal, who allegedly "had a history of violence" and was then under the influence of cocaine, punched appellant, breaking his jaw and subjecting him to substantial medical costs.

Respondent's demurrer claimed that the complaint failed to state facts sufficient to constitute causes of action for negligence and gross negligence in that it failed to establish any duty to respondent because there was no basis upon which to establish that, as to appellant, the harm that occurred was sufficiently foreseeable to create a duty of care, or that an agency relationship existed between respondent and his son.  The court also noted that while respondent's son, Michael, "knew various relevant things," appellant had not alleged that the father possessed any such knowledge; nor had he

1

clearly alleged the creation of an agency relationship between father and son permitting the son's knowledge of the danger presented to be imputed to the father.

On appeal, appellant contends the facts alleged in the complaint were sufficient to demonstrate (1) the respondent owed a duty to appellant to prevent the crimes of a third party, and (2) that Michael was the agent of respondent. Concluding that the trial court erred in finding that appellant had not adequately alleged facts "creating" an agency relationship between respondent and his son—because the truth of the allegations of agency was not placed at issue by the demurrer—we shall reverse the judgment.

## FACTS AND PROCEEDINGS BELOW

The only defendant named in the original complaint was Jonathan Magal, the person who punched appellant, breaking his jaw in two places. After Magal settled the claim against him, appellant dismissed him from the action and amended the complaint by naming as defendants respondent, his wife Betty Bloemen, and their son Michael Bloemen.[1] The demurrer, together with a motion to strike, was nominally filed only on behalf of William Bloemen, although the court and counsel often referred to "respondents" in the plural as including Betty Bloemen as a demurring party.

The original and amended complaints allege that respondent owned the residential property at 1909 Arbol Grande Court in the City of Walnut Creek, but that only his son Michael resided in the house. The first amended complaint alleges that "each of the defendants may have been at all material times the agents and servants of each other," and in particular, on information and belief, that Michael was "property manager for his parents," that he resided in the residence and "repeatedly allowed illegal drug use at the Arbol Grande property, including the night of the Magal battery on [appellant]." The complaint also alleges "on information and belief" that "Michael was aware just before the Magal attack, that Magal had a history of violence, and that he was under the influence of cocaine," and that "[i]t is medically known that cocaine can cause mental

---

[1] On December 27, 2014, a default judgment was entered for appellant against Michael Bloemen in the sum of $491,684.04 plus costs of $535.

impairment, and significantly increase the risk of violent behavior." Finally, the amended complaint alleges that after Magal's attack "Michael pulled out a handgun to stop it, indicating Michael was aware of the dangerous condition fostered by the illegal drug use. [¶] Therefore it was reasonably foreseeable that while under the influence of cocaine and/or alcohol, Magal or others similarly impaired, would engage in acts of aggression, and/or act with excessive and unreasonable force." "Given Michael's awareness that Magal was on cocaine before the attack, and had a history of violence," the complaint alleges that "[d]efendant Bloemen thus knew of, and allowed, a dangerous condition to exist, an unreasonable risk of harm and injury to invitees to said property from an attack by Magal or others on cocaine."

Respondent's demurrer asserted that each of appellant's two causes of action for negligence "fails to state facts sufficient to constitute a cause of action against the defendant in that it fails to allege sufficient facts of: a duty by defendant to undertake heightened security measures; any breach of duty owed to plaintiff; and that any alleged breach by defendant was the actual and proximate cause of plaintiff's injuries."

A demurrer based on this fundamental ground, which is specified in Code of Civil Procedure section 430.10, subdivision (e), is a general demurrer.

Finding the injury was not reasonably foreseeable by respondent, and he therefore had no duty of care, and that appellant had not adequately pleaded an agency relationship, the trial court sustained respondent's demurrer without leave to amend.

The order on demurrer was filed on July 18, 2013, the default judgment against defendant Michael Bloemen was filed on October 27, 2014. Timely notice of the appeal from the order on demurrer on demurrer, which could not be filed until entry of final judgment against Michael Bloemen, was filed on December 16, 2014.

## DISCUSSION

### *Standard of Review*

We treat a demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. We give the complaint a reasonable interpretation, reading it as a whole and its parts in context. When a demurrer

3

is sustained, we determine whether the complaint states facts sufficient to state a cause of action. And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court abused its discretion and we reverse. If not, there has been no abuse of discretion and we affirm. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Our determination whether the complaint sufficiently states a cause of action is de novo (*Unruh-Haxton v. Regents of the University of California* (2008) 162 Cal.App.4th 343, 349), but we construe the pleading liberally with a view toward substantial justice between the parties. (Code Civ. Proc., § 452.)

### *Because He had no Reason to Anticipate Magal's Injurious Conduct, Respondent Had No Independent Duty of Care*

Putting aside for the moment the issue of agency, appellant's causes of action for negligence cannot succeed unless he can establish that respondent owned him a duty of care; and whether a landlord owes such a duty presents a question of law for the court to decide. (*Cabral v. Ralph's Grocery Co.* (2011) 51 Cal.4th 764, 771.)

As respondent correctly pointed out below and emphasizes again here, the proprietor of a business has a general duty to inspect the premises to discover dangerous conditions and the duty to take affirmative action to control the wrongful acts of third persons which threaten invitees only "*where the occupant has reasonable cause to anticipate such acts and the probability of injury resulting therefrom.*" (*Taylor v. Centennial Bowl, Inc.* (1966) 65 Cal.3d 114, 121, italics added; accord, *Sharon P. v. Arman Ltd.* (1999) 21 Cal.4th 1181, 1188, disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674, disapproved on another ground in *Reid*, at p. 527, fn. 5; *Francis T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 501-503.)

The complaint makes no claim that Michael conveyed to his parents any information regarding Magal's allegedly violent propensities or those of other third parties, or that prior violent acts of on the premises provided respondent reasonable cause to anticipate such acts and the probability of injury and take appropriate security

4

measures.[2]  Appellant's complaint is deficient in failing to adequately allege personal notice of any danger of prior criminal acts on the premises of his property.  (*Penner v. Falk* (1984) 153 Cal.App.3d 858, 866.)

Indeed, appellant's claim respondent had reasonable cause to anticipate the injurious acts is not really based on his personal knowledge of prior criminal acts; it is primarily predicated on the allegation that respondent's son was his agent, and the son's knowledge must therefore be imputed to him.  As appellant states in his opening brief, "[r]espondent, *through his Property Manager* [i.e., his son Michael], had good reason to believe defendant Magal would become violent.  The property manager knew defendant [Magal] had a history of violence and that he had ingested cocaine before arriving on the rental premises.  [¶] . . . [Appellant] was a guest of the property manager and thus respondent owed him a duty of care to protect him against reasonably foreseeable acts of violence, including those that defendant Magal was known to have engaged in."

---

[2] The cases appellant relies on for the proposition that respondent should reasonably have foreseen Magal's violent attack are manifestly inapposite.  For example, in *Taylor v. Centennial Bowl, Inc.*, *supra*, 65 Cal.2d 114, the plaintiff sought damages for injuries sustained as the result of an assault committed upon her while she was an invitee on defendant's business premises, a bowling alley in Compton.  The testimony of two police officers established that during the six months immediately prior to the assault "defendant's business premises were habitually the scene of disturbances which require the police to intervene and to make frequent arrests" (*id*. at p. 119), all of which placed the defendants on notice of numerous " 'law violations, including particularly assaults, disturbances, larcenies, [and] drunk violations . . .' that were taking place on their business premises." (*Id*. at p. 120.)  The circumstances in *Taylor* and all of the many other cases appellant relies upon for foreseeability are completely different.  As indicated, so far as the record shows, no violations of law have ever occurred on the residential premises at issue and no invitee has ever been injured by the violent acts of another invitee or a third person.

Nearly half of appellant's seven-page opening brief is devoted to the proposition that Magal's injurious act, which was assertedly due to his use of cocaine, was foreseeable because it is scientifically established that use of cocaine is associated with violence.  Appellant conveniently ignores the absence of any allegation that, prior to Magal's assault on appellant, respondent knew of previous use of cocaine or violence on the premises.

5

Given the complete absence of any allegation of reasonable cause for respondent to independently anticipate the conduct of Magal, the crucial question is the adequacy of the allegations that "each of the defendants may have been at all relevant times the agents and servants of each other; and "Michael was the property manager for his parents property."

### *Appellant Adequately Pleaded an Agency Relationship Between Respondent and His Son Michael*

Civil Code section 2332 provides that ["[a]s against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to one another." As we stated in *Sanders v. MacFarlane's Candies* (1953) 119 Cal.App.2d 497, "[w]hen an unsafe condition which causes injury to an invitee has been created by the owner of the property himself or by an employee within the scope of his employment, the invitee need not prove the owner's notice or knowledge of the dangerous condition; the knowledge is imputed to the owner." (*Id.* at p. 501.)

Insofar as the first amended complaint relates to appellant's agency claim, it alleges "on information and belief" that "each of the defendants may have been at all relevant times the agents and servants of each other, and in particular . . . that Michael was an agent for William and Betty [Bloemen], and his knowledge was imputed to them as a matter of law," that "Michael was the property manager for his parents," that "Michael was aware just before the Magal attack, that Magal had a history of violence, and that he was under the influence of cocaine." On the basis of these allegations, the complaint alleges that "defendants Bloemen thus knew of, and allowed, a dangerous condition to exist, an unreasonable risk of harm and injury to invitees to said property from an attack by Magal or the others on cocaine."

At the commencement of the hearing on the demurrer, which took place on July 12, 2013, the court observed that appellant's allegation "that each of the defendant's may have been at all relevant times the agents and servants of each other" was "just a legal conclusion," and "not a fact." As the court stated, "you could put 'and Barack Obama

6

was, also' [an agent], and [on your theory] I'd have to leave your case existing and call in the U.S. Attorney to defend it. [¶] I mean, isn't this a simple case that you've sued their son, and he hasn't demurred. . . . But the parents, they own the house and the son was living there, and they weren't. . . . [¶] To say, well, they are the owners, he is their agent because he's in the house." Pointing out the absence of authority for the proposition that owners of a house "are responsible for everything the person living there does," and the absence of evidence Michael was his parents' "property manager," or that "this is a commercial situation," the court admonished appellant's counsel that his indifference to the absence of a management contract was not just legally untenable but sanctionable.

At the close of the hearing, appellant's counsel again sought to justify his allegation Michael was his parent's "property manager" by the added facts that he mentioned during his deposition that he had unidentified "roommates" and that Michael had a gun and after the attack on appellant told everyone to "clear out." The court found this "just not reasonable." Noting that nothing in the parents' depositions suggested they had hired their son for any management service, the court observed that Michael "was having a party and they were all on drugs. You allege that. [But] [t]hat's not a property management function."

The trial court found the allegations of agency inadequate." "While certain allegations suggest that defendant Michael Bloemen knew various relevant things, there is no allegation that the demurring defendant had any such knowledge. While the owner of a commercial enterprise, including a rental residence, may be deemed to have any knowledge that one placed in charge of the management of the commercial enterprise might have, *clear allegations of the creation of the agency are required.*" (Italics added.)

We understand the trial judge's reasonable assumption that, since the case had been in litigation for a considerable period and discovery had taken place, appellant would have produced a written or oral agency agreement if he possessed such evidence, and his failure to produce it can only mean that the evidence did not exist or, at least, that he did not have it; and therefore could not establish agency. The trial court's conclusion that the complaint did not satisfactorily allege "the creation" of an agency relationship

7

between respondent and his son, questions *the truth* of the allegations that statements that "each of the defendants may have been at all relevant times the agents and servants of each other; and that Michael was the 'property manager' for his parents property."

The problem with the trial court's reasoning is that the motion before it was not one for summary judgment or summary adjudication, but a demurrer. It is elemental that, unlike those other motions, a demurrer "tests the pleading alone, and not the evidence of other extrinsic matters, it lies only where the defects appear on the face of the pleading. Objections that do not so appear are raised by the answer. (5 Witkin, California Procedure (5th ed.) § 947, at p. 360.) "[I]t is wholly beyond the scope of the inquiry to ascertain whether the facts stated are true or untrue. That is always the ultimate question to be determined by the evidence upon a trial of the questions of fact. Obviously, the complaint, when appropriately challenged, whether for want of sufficient facts or for an insufficient . . . statement of the facts, must stand or fall by its own force. Nothing *dehors* the pleading itself can be considered to determine whether it is obnoxious to objections made against it as a pleading." (*Colm v. Francis* (1916) 30 Cal.App. 742, 752-753.)[3]

The trial court improperly went beyond the pleading by, in effect, inquiring into the truth or falsity of the factual allegation that Michael was his father's "property manager" or otherwise acted as his agent.

As has been noted, "[c]omplaints in actions against multiple defendants commonly include conclusory allegations [such as those in this case] that all of the defendants were each other's agents or employees and were acting within the scope of their agency or employment. Prominent treatises, while recognizing that the Supreme Court has described such allegations as 'egregious examples of generic boilerplate' (*Moore v.*

---

[3] One of the few exceptions to this principle is that a complaint may be read as if it included matters judicially noticed, and thereby made subject to attack on demurrer although the bare allegations do not disclose the defect. (See Code Civ. Proc., § 430.30, subd. (a); *Friends of Shingle Springs Interchange v. El Dorado* (2011) 200 Cal.App.4th 1470, 1484.)

8

*Regents of University of California* (1990) 51 Cal.3d 120, 134, fn. 12), still advise that 'such allegations may be necessary,' especially 'at the outset of the lawsuit, before discovery.' (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶¶ 6:152 to 6:153, pp. 6-48 to 6-49 (rev. #1, 2012); see Cal. Forms of Pleading and Practice (Matthew Bender 2013) § 20.55, pp. 20-38.2 to 20-39 [providing forms for such 'commonly used' allegations and noting that they constitute 'a sufficient allegation of actual agency to withstand general demurrer'].)" (*Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446, 451.)

Sustaining respondent's demurrer without leave to amend on the ground that the complaint failed to provide "clear allegations of the creation" of an agency relationship between respondents and their son amounts to a factual determination: that appellant cannot establish that respondent's son was their "property manager" or otherwise his agent. But that is not a matter placed at issue by respondent's demurrer. Appellant may well be unable to produce facts establishing an agency relationship between respondent and his son when required to do so by an appropriate pretrial motion or at trial; but he is not required to do so in response to a demurrer.[4]

It bears noting that the demurrer was not sought or sustained on the ground the complaint was unintelligible, uncertain or ambiguous, or in order to seek needed clarification, which may provide grounds for a general demurrer. (See 5 Witkin California Procedure, *supra*, Pleadings, § 975 at pp. 388-389; *Hays v. Temple* (1973) 23 Cal.App.2d 690, 694 [uncertainty as to alleged contract].) And the allegations of agency

---

[4] If appellant knew all along he would be unable to establish an agency relationship and filed the complaint against respondent and his wife for an improper purpose, he exposed himself to a suit for malicious prosecution or sanctions under Code of Civil Procedure section 128.7 (Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (The Rutter Group 2015) ¶ 6:162, p. 6-48 (rev. #1, 2012).) That statue provides that by presenting a court a pleading, an attorney "is certifying" that among other things, the pleading is not being presented for an "improper purpose," such as to harass, and that the "factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." (Code Civ. Proc., § 128.7, subd. (b)(1)(3).)

9

are not uncertain, unintelligible or ambiguous.  If, as the complaint alleges, Michael is "property manager" for respondent, the latter might well have a duty of care to protect appellant against violent acts of third parties, such as Magal.

## DISPOSITION

For the foregoing reasons, the trial court erred in sustaining respondent's demurrer without leave to amend.  Accordingly, the judgment is reversed and the case remanded to the trial court for further proceedings.

_____

Kline, P.J.

We concur:

_____

Richman, J.

_____

Miller, J.

*Villa v. Bloemen* (A143829)

11