Filed 3/22/23  PIH Health Hospital-Whittier v. Cigna Healthcare of Cal. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PIH HEALTH HOSPITAL-WHITTIER et al., | B320294 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 20NWCV00666) |
| v. | |
| CIGNA HEALTHCARE OF CALIFORNIA, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Hinshaw & Culbertson and Robert C. Bohner for Defendants and Appellants.

Payne & Fears, C. Darryl Cordero, Damon Rubin, and Scott O. Luskin, for Plaintiffs and Respondents.

# INTRODUCTION

In the proceedings below, appellants Cigna Healthcare of California, Inc. (Cigna California), Cigna Health and Life Insurance Company (Cigna Life), and Connecticut General Life Insurance Company (Connecticut General) (collectively, Cigna) moved to compel arbitration of claims brought by respondents PIH Health Hospital-Whittier (PIH Whittier) and PIH Health Hospital-Downey (PIH Downey) (collectively, PIH). The trial court denied the motion under the third-party litigation exception set forth in Code of Civil Procedure section 1281.2, subdivision (c) (section 1281.2(c)). On appeal, Cigna contends the court erred because there were no third parties within the meaning of section 1281.2(c), and because there was no possibility of conflicting rulings between the arbitrable and non-arbitrable causes of action. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

## A. *PIH Files a Complaint*

PIH Whittier and PIH Downey are hospitals, Cigna California is a health care service plan, and Cigna Life and Connecticut General are health insurers. On November 20, 2020, PIH sued Cigna, alleging that Cigna had failed to pay for services PIH provided to Cigna's insureds, damaging PIH by at least $11,125,630. The complaint included boilerplate alter ego and agency allegations that Cigna California, Cigna Life, and Connecticut General "have common

2

ownership and control, and coordinate operations to the extent that their separate corporate forms are illusory," and that "at all relevant times, Defendants, and each of them, have consolidated and coordinated operations, were the agents and employees of each other and were acting within the scope and purpose of their agency and employment, and each Defendant has ratified the acts of his, her or its agents and employees."[1]  The complaint set forth ten causes of action.

In the first three causes of action for "Breaches of Written Contract," PIH alleged the existence of three agreements: an agreement between PIH Whittier and Cigna California (Whittier-California Agreement), an agreement between PIH Downey and Connecticut General, and an agreement between PIH Downey and all three Cigna defendants (Downey-Cigna Agreement).  PIH claimed each agreement required the Cigna entity or entities to pay the PIH entity for services rendered while the contract was in effect, and for "covered services" after it terminated.  PIH asserted that all three agreements had terminated on August 1, 2019, and that Cigna had breached the agreements by failing to pay, or by underpaying, a total of $2,020,598 for services that PIH provided.

In the fourth and fifth causes of action for "Breaches of Implied Contract," PIH alleged the existence of an implied contract with Cigna requiring Cigna to pay the reasonable

_____

[1]     In their Answer, Cigna expressly denied these allegations.

3

value of emergency medical services the hospitals provided to Cigna insureds after the parties' agreements terminated. PIH claimed that Cigna underpaid PIH Whittier by $6,849,498, and PIH Downey by $2,225,532.

In the sixth and seventh causes of action for "Recovery for Services Rendered," PIH sought to recover from Cigna the value of the services the hospitals provided to Cigna's insureds after the parties' agreements terminated, in the amount of $6,849,498 for PIH Whittier and $2,255,532 for PIH Downey.

In the eighth cause of action for "Intentional Violation of Duty to Pay for Medical Services," PIH alleged Cigna intentionally failed to pay PIH for services rendered, despite statutes requiring such payment, in the amount of $9,105,030.

In the ninth and tenth causes of action for "Violation of Business and Professions Code Section 17200," PIH alleged Cigna's actions, including "systematically failing to pay, underpaying, or delaying payment to Plaintiffs" and "failing to provide the specific basis for denying all or part of the claims at issue in this lawsuit," constituted unfair competition.

## B. *Cigna Moves to Compel Arbitration*

On December 3, 2020, Cigna removed the case to federal court. On August 26, 2021, the federal court granted PIH's motion for remand and returned the case to state

4

court. One month later, on September 22, 2021, Cigna moved to compel arbitration.

The Whittier-California Agreement provided that "all claims and controversies arising out of or in connection with this Agreement shall be subject to binding arbitration . . . by a single arbitrator in accordance with the commercial arbitration rules of the American Arbitration Association ('AAA') or the existing Rules of Practice and Procedures of the Judicial Arbitration and Mediation Services, Inc. ('JAMS'). . . . The party filing the arbitration shall have the right to select either AAA or JAMS." The Downey-Cigna Agreement provided that "Arbitration shall be the exclusive remedy for resolution of disputes arising under the Agreement." The Downey-Cigna Agreement also provided, however, that the arbitration would be conducted under the rules of the "American Health Lawyers Association Alternative Dispute Resolution Service." Cigna alleged these two arbitration clauses encompassed all of PIH's causes of action because "all ten of Plaintiffs' causes of action involve claims, controversies and disputes arising under the Agreements."

On December 8, 2021, PIH opposed the motion, arguing that, because neither Cigna Life nor Connecticut General was a party to the Whittier-California Agreement, PIH Whittier had never agreed to arbitrate with those two entities. PIH also contended that Cigna had waived whatever right it had to arbitration by litigating the case for ten months in federal court without filing a motion to compel

5

arbitration, and that this delay prejudiced PIH because Cigna had propounded broad discovery that would have required arbitrator approval.

On December 14, 2021, Cigna replied, reiterating that PIH's causes of action were within the scope of the arbitration clauses. Regarding PIH's contention of waiver, Cigna explained its failure to file a motion to compel sooner by noting that PIH had moved for remand a month after removal to federal court and, "[u]ntil the federal court ruled on that motion [which it granted on August 16, 2021], the parties could not know whether the federal court had jurisdiction to rule on a motion to compel arbitration." Cigna also claimed PIH failed to demonstrate prejudice.

Cigna made no mention of alter ego or agency in either its moving or reply papers. At oral argument, however, Cigna's counsel argued that all of the Cigna entities "were affiliated and they can enforce the arbitration agreements even though some of the parties might not be subject to one of the agreements that has an arbitration provision."

On February 4, 2022, the court denied Cigna's motion. It found that certain "causes of action may be subject to arbitration: the first cause of action in full; the third cause of action in full; the fourth cause of action as alleged against defendant Cigna California only, leaving . . . PIH Whittier, Connecticut General, and Cigna Life to litigate this claim in court; the fifth cause of action in its entirety; the eighth cause of action asserted by PIH Downey against all Defendants; and the eighth cause of action asserted by PIH

6

Whittier against only Cigna California, leaving PIH Whittier, Connecticut General, and Cigna Life to litigate this cause of action in court." It found the other claims were not subject to arbitration. Because the court determined that compelling arbitration on the controversies subject to arbitration would create the potential for conflicting rulings, it denied the motion under section 1281.2(c). Cigna timely appealed.

## DISCUSSION

The third-party litigation exception permits a court to refuse to compel arbitration of a controversy that is within the scope of a valid arbitration agreement if "it determines that: . . . (c) A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." (Code Civ. Proc., § 1281.2, subd. (c); see also *Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 967–968.)

Cigna contends the trial court erred in finding the third-party litigation exception applicable here because none of the Cigna entities constituted a "third party" under section 1281.2(c), and because there was no possibility of conflicting rulings. We disagree.

7

### A. *The Court Did Not Err in Finding There Were Third Parties*

For purposes of section 1281.2, "a third party is one who is neither bound by nor entitled to enforce the arbitration agreement." (*Daniels v. Sunrise Senior Living, Inc.* (2013) 212 Cal.App.4th 674, 679.) Cigna argues that, because PIH accused each Cigna entity in the complaint of being an alter ego and agent of the other entities, each Cigna entity may enforce the arbitration agreements, and thus no Cigna entity is a "third party" within the meaning of section 1281.2(c). Cigna additionally contends that PIH's alter ego and agency allegations estop PIH from denying that each Cigna entity is an alter ego and agent of each other.

Because Cigna failed to raise these arguments sufficiently before the trial court, we find them forfeited. Even if Cigna had not forfeited these arguments, we would find Cigna failed to demonstrate that Cigna Life and Connecticut General could enforce an arbitration agreement against PIH Whittier and that the trial court did not err in concluding that there were "third part[ies]" within the meaning of section 1281.2(c).

### 1. Cigna Has Forfeited Its Arguments

"'"'Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.'"'" (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) Cigna contends it raised its alter ego and agency arguments

8

below.  While Cigna admits it did not make these arguments "by those specific names," it asserts it "did argue generally that the way in which PIH alleged its claims against Cigna as affiliated and related entities subjected those claims to arbitration."  In support of its position, Cigna cites to a comment its counsel made at oral argument on the motion to compel that the Cigna entities "were affiliated, and they can enforce the arbitration agreements even though some of the parties might not be subject to one of the agreements that has an arbitration provision."  Counsel for PIH objected at the time to Cigna raising this point for the first time at oral argument.

We hold that what Cigna's counsel said at oral argument was insufficient to preserve for appeal the argument Cigna now makes that all the Cigna entities were alter egos and agents for purposes of enforcing the arbitration provisions.  Cigna's counsel argued the parties were "affiliated," not that they were alter egos or agents.  Moreover, "[n]ew issues cannot generally be raised for the first time in oral argument."  (*New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098.)  "'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider.'"  (*Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 769.)  Here, we are loath to disturb the decision of the trial court based on a theory that Cigna did not present for the court to consider.

9

### 2. Cigna Has Failed to Demonstrate Each Cigna Entity Could Enforce the Arbitration Agreements

Cigna contends that we have discretion to consider an issue first raised on appeal when that issue is "a question of law applied to undisputed facts in the record." (*RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1518 [while appellate courts generally will not consider issues raised for the first time on appeal, exception exists "where the new theory 'presents a question of law to be applied to undisputed facts in the record'"]; *ibid.* ["Whether to apply this exception lies within the appellate court's discretion"].)  While we see no reason to exercise this discretion here, were we to do so, we would hold Cigna failed to demonstrate that Cigna Life and Connecticut General could enforce the arbitration provisions against PIH Whittier.

We find *Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446 (*Barsegian*) instructive.  There, a complaint was filed against four defendants, two of whom were parties to an arbitration agreement with the plaintiff.  (*Id.* at 449.)  After those two defendants moved to compel arbitration, the court denied their motion, in part finding the third-party litigation exception applied because of the non-signatory defendants.  (*Id.* at 450.)  On appeal, the moving defendants argued the trial court erred in finding the existence of third parties where the complaint contained boilerplate agency allegations asserting all defendants were agents of one

another. (*Id.* at 451.) Our colleagues in Division One rejected this argument, holding that the defendants' denial of the agency allegations rendered them insufficient to permit the non-signatory defendants to enforce the arbitration agreement. (*Id.* at 452–453.)

Here, similarly, PIH's complaint contained allegations that the Cigna entities were alter egos and agents, which allegations the Cigna entities denied in their Answer. Cigna attempts to distinguish *Barsegian* by arguing that the "clear emphasis in the opinion was on the fact that the non-signatory defendants really had no connection with the other defendants who were parties to the contract with the plaintiff that contained an arbitration provision," whereas here, "the Cigna Defendants are undeniably closely related." We are unpersuaded.

*Barsegian* turned not on the lack of connection between the signatory and non-signatory defendants, but on the defendants' assertion that "they do not in fact wish to treat Barsegian's allegation of mutual agency as a judicial admission, because the [signatory] defendants *do* wish to be able to contest the truth of that allegation." (*Barsegian, supra*, 215 Cal.App.4th at 451, 453.) Based on this denial, the court declined to treat the boilerplate agency allegation as a judicial admission permitting the non-signatories to enforce the arbitration agreement and thus affirmed the denial of the motion to compel arbitration. (*Ibid.*)

Moreover, while Cigna contends each Cigna entity is "closely related" to the others, Cigna cites to nothing in the

11

record substantiating the claimed "close" relationship, let alone an alter ego or agency relationship, either of which would turn on a complex, multi-factorial analysis. For these reasons, had Cigna not forfeited these arguments, PIH's boilerplate allegations would have been insufficient to permit Cigna Life and Connecticut General to enforce the arbitration clause in the Whittier-California Agreement. The trial court did not err in finding they were third parties within the meaning of section 1281.2(c).[2]

## B. *The Court Did Not Err in Finding the Potential for Conflicting Rulings*

Cigna argues that, even if Cigna Life and Connecticut General could not enforce the Whittier-California Agreement, the court nevertheless erred in denying Cigna's motion under the third-party litigation exception because the causes of action not subject to arbitration "would not arise out of the same transaction or series of transactions that would create the possibility of conflicting rulings." "[T]he ultimate determination whether to stay or deny arbitration based on the possibility of conflicting rulings on

---

[2] Cigna cites several cases decided before *Barsegian* to support its arguments: *Rowe v. Exline* (2007) 153 Cal.App.4th 1276, *RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, and *Thomas v. Westlake* (2012) 204 Cal.App.4th 605. Because we find Cigna forfeited its arguments, we do not address these cases, except to note that, to the extent they are at odds with *Barsegian*, we find the analysis in *Barsegian* more persuasive.

12

common questions of law or fact is reviewed for an abuse of discretion.  [Citation.]"  (*Daniels v. Sunrise Senior Living, Inc.*, *supra*, 212 Cal.App.4th at 680.)  "'A ruling amounts to an abuse of discretion when it exceeds the bounds of reason . . . .'"  (*Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1056.)  Here, we find the trial court's determination was well within the bounds of reason.

PIH's fifth cause of action for "Breaches of Implied Contract" accused Cigna of breaching an implied contract to pay PIH Downey for emergency services provided to Cigna insureds after the termination of the Downey-Cigna Agreement.  Its seventh cause of action for "Recovery for Services Rendered" sought to recover the value of services provided by PIH Downey to Cigna insureds after the termination of the Downey-Cigna Agreement.  The court found the fifth cause of action subject to arbitration, but found the seventh cause of action not subject to arbitration.  Yet both causes of action self-evidently share common questions of fact, such as whether and to what extent PIH Downey provided and billed for services to Cigna insureds after the termination of the Downey-Cigna Agreement.

Similarly, PIH's first and third causes of action for "Breaches of Written Contract" contained allegations that Cigna failed to pay or underpaid PIH for services rendered to Cigna's insureds.  Its ninth and tenth causes of action alleged violations of Business and Professions Code section 17200, and accused Cigna of "systematically failing to pay, underpaying, or delaying payment to Plaintiffs" and "failing

13

to provide the specific basis for denying all or part of the claims at issue in this lawsuit." While the parties agreed the first and third causes of action were within the scope of the arbitration agreement, the court found neither the ninth nor tenth causes of action were. But all four causes of action share common questions of fact, such as whether Cigna failed to pay or underpaid PIH.

The trial court reasonably determined that the causes of action not subject to arbitration shared common questions of fact with those that were, and that those common questions created a possibility of conflicting rulings. The risk seems especially acute because the Whittier-California Agreement and the Downey-Cigna Agreement each provide for arbitration by different organizations. If the court were to compel arbitration under the two agreements, there would potentially be three different factfinders deciding the same questions. We find no abuse of discretion in the court's refusal to compel arbitration under these circumstances.

## DISPOSITION

The court's order denying arbitration is affirmed. Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


SCADUTO, J. [*]


We concur:


COLLINS, Acting P.J.


CURREY, J.

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.