Filed 3/6/26  Safari v. Fusco CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| BITA SAFARI,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>PHILIP FUSCO et al.,<br><br>     Defendants and Respondents. | G065288<br><br>(Super. Ct. No. 30-2023-01324999)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed in part and reversed in part with directions.

Law Offices of Mark B. Plummer and Mark B. Plummer for Plaintiff and Appellant.

Slaughter, Reagan & Cole, Barry J. Reagan and Kevin J. Heimler for Defendants and Respondents.

\*          \*          \*

## INTRODUCTION

Plaintiff Bita Safari appeals from a judgment entered against her after the trial court granted a motion for summary judgment brought by Defendants Philip Fusco, Shokoufeh Fusco, Ital Pizza II, LLC, Ital Pizza, Inc., and Spectrum Restaurant Management Group, LLC (collectively, Defendants). Safari and Simply Crystal Clean, LLC (Simply Crystal)[1] asserted three causes of action in their complaint: (1) common counts, (2) breach of contract, and (3) extortion.

The trial court erred by granting summary judgment against Safari on the first two causes of action: She was not a party to those causes of action, and therefore, as to her there was nothing to adjudicate. The trial court did not err by granting summary judgment against Safari on the third cause of action. Damages are an essential element of a cause of action for civil extortion. Defendants established that Safari had suffered no economic loss or loss of reputation as a result of the alleged extortion, and, we conclude, emotional distress damages are not recoverable for extortion. We therefore reverse the judgment as to the first and second causes of action and otherwise affirm the judgment.[2]

---

[1] We refer to Safari and Simply Crystal together as Plaintiffs. Simply Crystal is not a party to this appeal.

[2] The clerk's transcript includes a "judgment" that is in the form of an order granting the motion for summary judgment/summary adjudication rather than a judgment resulting from such an order. Safari's appeal from this ineffective judgment does not require dismissal. We shall direct the trial court to enter, nunc pro tunc as of the date of the present judgment, a proper judgment which orders, adjudges, and decrees that Safari take nothing by her complaint. (See *Dye v. Caterpillar, Inc.* (2011) 195 Cal.App.4th 1366, 1373, fn. 7.)

FACTS AND PROCEDURAL HISTORY

Safari is the president and only member of Simply Crystal. The record is not clear, but it appears that Philip Fusco and Shokoufeh Fusco are the owners of Ital Pizza II, LLC, Ital Pizza, Inc., and Spectrum Restaurant Management Group, LLC, which own and operate several restaurants.

The underlying lawsuit arose out of cleaning services contracts between Simply Crystal and restaurants owned by Defendants. The complaint asserted three causes of action: (1) common counts, (2) breach of contract, and (3) extortion. Safari is not a party to the first and second causes of action. In the first two causes of action, Simply Crystal alleged that respondents breached the cleaning services contracts by failing to pay $32,533.33 owed under them. In the extortion cause of action, Plaintiffs alleged that Defendants threatened to make false reports that Plaintiff was illegally using child labor unless Simply Crystal withdrew its claim for the amounts owed under the contracts.

Defendants moved for summary judgment or summary adjudication. Defendants sought adjudication that they were not liable to Safari under first and second causes of action because she was not a party to the cleaning service contracts. Defendants sought adjudication of the third cause of action on the grounds that Plaintiffs had sued under Penal Code section 518, which did not create a private right of action, and had suffered no damages. Plaintiffs opposed the motion on the ground, among others, that the first two causes of action could not be adjudicated against Safari because she was not a party to them.

The trial court granted the motion for summary adjudication/summary judgment. As to the first two causes of action, the court found, "[b]ecause Plaintiffs concede Safari is not bringing the first two

causes of action against Defendants, the motion for summary adjudication of these two issues granted." As to the third cause of action, the court found, "Defendants met their burden to show Plaintiffs were not damaged by the alleged threats. (*Fuhrman v. California Satellite Systems* (1986) 179 Cal.App.3d 408, 426 and 428; *Tran v. Nguyen* (2023) 97 Cal.App.5th 523, 529 and 535; Defendants' Material Fact Numbers 5-15.) Plaintiffs did not raise a triable issue of material fact as to whether Plaintiffs sustained any damages." Safari appealed from the judgment entered upon the order granting the motion for summary adjudication.

## DISCUSSION

### I.

### Standard of Review

We review a grant of summary judgment de novo. (*Shin v. Ahn* (2007) 42 Cal.4th 482, 499.) Summary judgment is warranted if the moving papers establish there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)

### II.

### Safari Was Not a Party to the First Two Causes of Action

Safari contends the trial court erred by granting summary judgment against her on the first and second causes of action because they were brought only by Simply Crystal. We agree.

The trial court found that Safari had "concede[d]" she did not bring the first and second causes of action. That Safari did not bring the first and second causes of action is not so much a concession as it is a confirmation

4

of the allegations of the complaint. At the beginning of the complaint, just above the heading for the first cause of action, appears the phrase "Plaintiff, Simply Crystal Clean, LLC alleges as follows." (Capitalization omitted.) Paragraph one of the complaint identifies Simply Crystal Clean as "Plaintiff." The allegations of the first and second causes of action refer to a singular "plaintiff" (defined as Simply Crystal) as the party suffering damages.

Safari's response to Respondents' separate statement of undisputed facts establishes conclusively that Safari did not bring the first and second causes of action. The first two issues in Defendants' separate statement are, "[t]here are not triable issues of fact that defendants are liable to plaintiff Bita Safari under the first [and second] causes of action." In response to undisputed facts Nos. one through four, which are the undisputed facts supporting those two issues, Safari objected on the ground she was not a party to the first and second causes of action. Safari's responses to undisputed facts Nos. one through four constitute judicial admissions removing those facts from the issues in the litigation. (*Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446, 452.)

The pleadings limit the scope of issues and are the outer measure of materiality in a summary judgment motion. (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.) Because Safari was not a party to the first and second causes of action, those causes of action were, as to her, beyond the scope of the pleadings. Put another way, as to Safari, there was nothing to adjudicate in the first and second causes of action. As there was nothing to adjudicate as to Safari, the trial court could not grant a motion adjudicating the first and second causes of action against her.

Entering a judgment against a nonparty is not necessarily harmless. As Safari points out, a judgment against her has potential

5

consequences, such as liability for costs. The correct course of action would have been for the trial court to deny the motion for summary judgment as to the first two causes of action.

## III.

### DEFENDANTS ESTABLISHED THAT PLAINTIFFS COULD NOT RECOVER DAMAGES FOR CIVIL EXTORTION

A. *Plaintiffs Agreed They Suffered No Economic Loss or Loss of Reputation*

The complaint alleged that Defendants attempted to extort Safari and Simply Crystal "in violation of Penal Code § 518, 519 and 524." Defendants argue those Penal Code sections do not create a private right of action.

We need not decide whether the Penal Code sections 518, 519 and 524 create a private right of action. The complaint alleged only that Defendants' actions violated those Penal Code sections; the complaint does not allege the extortion cause of action is being brought pursuant to them. Civil Code sections 1566, 1567, and 1570 create a civil cause of action for extortion and provide a "statutory counterpart to a criminal extortion claim." (*Tran v. Nguyen* (2023) 97 Cal.App.5th 523, 529-530, 531 (*Tran*).) Civil extortion is a "cause of action for moneys obtained by duress, a form of fraud," that seeks the "recovery of money obtained by the wrongful threat of criminal or civil prosecution." (*Fuhrman v. California Satellite Systems* (1986) 179 Cal.App.3d 408, 426 (*Fuhrman*), disapproved on another ground in *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) We treat the third cause of action as a claim for attempted civil extortion.

6

The defect in the extortion cause of action is not the citations to the Penal Code, but the lack of evidence of any damages suffered by Safari.[3] To prevail on a claim of civil extortion, a plaintiff must plead and prove the loss of money or property. (*Fuhrman, supra*, 179 Cal.App.3d at p. 426 [complaint failed to state a claim for civil extortion because it did not allege the plaintiff paid the money defendants demanded].) Plaintiffs identified only three types of damages in her statements of damages: (1) damage to reputation, (2) emotional distress, and (3) punitive damages. Plaintiffs argue that Defendants did not produce admissible evidence to support their claim that Plaintiffs suffered no damages. The argument is without merit.

In their separate statement, Defendants identified the following facts as undisputed (the fact numbers are in brackets): [8] "Despite the alleged threats to report plaintiffs for child labor violation unless plaintiffs withdrew their claim $32,533.33 in fees, plaintiffs did not withdraw their claim," [11] "Plaintiffs did not lose any work with other clients due to the alleged threats," [12] "Safari is not aware of any loss of reputation due to the statement that defendants Philip and Shokoufeh Fusco allegedly made," [13] "Safari is not aware of any article or posting or anything written in [a] public forum . . . about the statements made by defendants Philip and

---

[3] In asserting that attempted civil extortion does not require actual damages, Safari misplaces her reliance on *Flatley v. Mauro* (2006) 39 Cal.4th 299. *Flatley* does not hold a civil claim for extortion can survive the lack of damages. That case held the anti-SLAPP statute did not protect statements that "constitute criminal extortion as a matter of law." (*Id.* at p. 330.) Because the motion failed the first prong of the anti-SLAPP test, *Flatley* did not reach whether the plaintiff showed a probability of prevailing on the civil extortion claim. Moreover, its discussion of criminal extortion was "limited to the specific facts of this case," which it described as "specific and extreme circumstances." (*Id.* at p. 332-333, fn. 16.)

Shokoufeh Fusco," [14] "None of Simply Crystal's employees quit based on the statements made by defendants," and [15] "Safari is not aware of anyone believing the statements made by Philip and Shokoufeh Fusco."

Each of the undisputed facts Nos. 8 and 11 through 15 were supported by passages from Safari's deposition, and Safari agreed that each of those undisputed facts was undisputed. The undisputed facts thus established that neither Safari nor Simply Crystal suffered any economic loss or loss of reputation—or took any adverse action—as a result of the alleged attempted extortion.

B. *Emotional Distress Damages Are Not Recoverable for Extortion*

Safari argues she suffered emotional distress caused by the alleged attempted extortion. Emotional distress damages are not recoverable in a civil action for extortion. (*Tran, supra*, 97 Cal.App.5th at p. 534.) In *Tran*, the court explained that civil extortion is grounded on Civil Code sections 1566, 1567, and 1570, which provide the remedy of rescission when a party's consent to a transaction is obtained through duress, menace or fraud. (*Tran, supra*, at pp. 525, 529-530.) Civil extortion therefore "sounds in contract, rather than tort" and "no emotional distress damages are recoverable." (*Id*. at p. 526, 534.) "[T]he civil remedy for the extortion is contractual in nature and does not support a claim for emotional distress damages." (*Id*. at p. 535; see *Fuhrman, supra*, 179 Cal.App.3d at p. 428 ["[a]n action for duress is an action for the recovery of moneys received by a defendant under the influence of duress"].)

In the appellant's reply brief, Safari argues "[e]xtortion in this case refers to Intentional Infliction of Emotional Distress plead[ed] in this case." We could deem this argument to be forfeited. (*Burton v. Campbell*

8

(2024) 106 Cal.App.5th 953, 966 [argument raised for the first time in the reply brief is forfeited].) Instead, we conclude the argument fails on the merits. The complaint did not include a cause of action for intentional infliction of emotional distress. Plaintiffs never sought leave to amend their complaint to add a cause of action for intentional infliction of emotional distress. "[A] party cannot avoid summary judgment by relying on theories that are not alleged in the pleadings. [Citation.] '[A] plaintiff . . . wishing "to rely upon unpleaded theories to defeat summary judgment" must move to amend the complaint before the hearing.' [Citation.]" (*Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 224.)

C. *Punitive Damages*

The third category of damages sought by Safari was punitive damages. To recover punitive damages, a plaintiff must establish actual damages. (*Kizer v. County of San Mateo* (1991) 53 Cal.3d 139, 147, disapproved on other grounds in *Los Angeles Unified School Dist. v. Superior Court* (2023) 14 Cal. 5th 758, 775.) The evidence established that neither Safari nor Simply Crystal suffered actual damages as a result of the alleged attempted extortion.

**DISPOSITION**

The judgment against Safari on the first cause of action and the second cause of action is reversed. The judgment is otherwise affirmed. The trial court is directed to vacate its order granting Defendants' motion for summary judgment or summary adjudication and to enter a new order which (1) denies the motion as to Safari on the first cause of action and second cause of action and (2) grants the motion as to Safari on the third cause of action. The trial court is directed to enter, nunc pro tunc as of the date of the present

9

judgment, a judgment which satisfies the requirements of a final judgment between Safari and Defendants. Because we are reversing the judgment in part and affirming it in part, costs on appeal are denied to all parties. (Cal. Rules of Court, rule 8.278(a)(3).)


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.