Filed 4/24/17; pub. order 5/16/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NARCISO GARCIA, | |
| Plaintiff and Appellant, | G052872 |
| v. | (Super. Ct. No. 30-2014-00742230) |
| PEXCO, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Gail Andrea Andler, Judge. Affirmed.

Rastegar Law Group, Farzad Rastegar, Douglas W. Perlman, Joshua N. Lange for Plaintiff and Appellant.

Klatte, Budensiek & Young-Agriesti, Ernest W. Klatte, III, and Yeun C. Yim for Defendant and Respondent.

\*        \*        \*

Narciso Garcia appeals from an order granting defendant Pexco, LLC's (Pexco) motion to compel arbitration. Garcia opposed the motion on the ground Pexco was not a party to the arbitration agreement. We find Garcia is equitably estopped from denying Pexco's right to arbitrate and the agency exception applies. We affirm the order of the trial court compelling arbitration between Pexco and Garcia.

FACTS

Temporary staffing company Real Time Staffing Services, LLC doing business as Select Staffing (Real Time) hired Garcia in 2011 as an hourly employee. Real Time then assigned Garcia to work for Pexco. As part of the hiring process with Real Time, Garcia filled out an employment application which included an arbitration agreement between Garica and Real Time. Pexco is not a signatory to the arbitration agreement.

The arbitration agreement provided that "any dispute" Real Time and Garcia could not resolve informally would be determined by binding arbitration. The arbitration agreement also specifically defined disputes subject to arbitration as including, but not limited to, those regarding wages, vacation pay, sick time pay, overtime pay, state and federal employment laws and regulation, including but not limited to, the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), including the Equal Pay Act (29 U.S.C. § 206 et seq.). Garcia does not contend the arbitration agreement is invalid or unenforceable, and indeed he admits that his claims must be arbitrated with signatory Real Time.

2

In 2014, Garcia filed suit against Real Time, Pexco, and Aerotek, Inc.[1] for violations of the Labor Code and unfair business practices pertaining to payment of wages during his assignment with Pexco. The operative complaint alleged "each and every one of the acts and omissions alleged herein was performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control." Each cause of action in the operative complaint was alleged against "All Defendants" and no distinction was made between Real Time or Pexco. Real Time and Pexco moved to compel individual arbitration of Garcia's claims. The trial court granted the motion to compel arbitration. Garcia appealed the order granting Pexco's motion to compel individual arbitration and dismiss class claims as an appealable order under the "death knell" doctrine. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757.) Pexco does not challenge the appealability of the order.

## DISCUSSION

It is undisputed an arbitration agreement exists between Real Time and Garcia. Garcia contends Pexco should not be allowed to compel arbitration as a non-signatory, and claims the trial court erred in granting the motion to compel arbitration. We disagree. We review the trial court's interpretation of an arbitration agreement de novo where no conflicting extrinsic evidence exists. (*DMS Services, LLC v. Superior Court* (2012) 205 Cal.App.4th 1346, 1352 (*DMS Services*).)

---

[1] Neither AeroTek, Inc. nor Real Time are parties to this appeal.

3

"There is a strong federal policy in favor of arbitration agreements. [Citations.]  Questions of arbitrability are to be addressed with regard to that policy. [Citations.]" (*Boucher v. Alliance Title Co., Inc.* (2005) 127 Cal.App.4th 262, 267 (*Boucher*).)  Despite this strong policy for contractual arbitration, however, the general rule is "one must be a party to an arbitration agreement to be bound by it or invoke it." (*Westra v. Marcus & Millichap Real Estate Investment Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759, 763.)  Courts recognize exceptions to the general rule which allow non-signatories to compel arbitration of a dispute arising out of the scope of the agreement. (*Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1513.)  One of the exceptions is equitable estoppel.  (*Ibid.*)  Under this exception, "a non-signatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claim when the causes of action against the nonsignatory are 'intimately founded in and intertwined with' the underlying contract obligations." (*Boucher*, *supra*, 127 Cal.App.4th at p. 271.)  The doctrine applies where the claims are ""'based on the same facts and are inherently inseparable'" from the arbitrable claims against signatory defendants." (*Metalclad Corp. v. Ventana Environmental Organizational Partnership* (2003) 109 Cal.App.4th 1705, 1713.)

Garcia argues equitable estoppel does not apply because his claims against Pexco are not sufficiently "intertwined" with the underlying arbitration agreement.  He contends he is not seeking to enforce the terms and conditions of his employment contract containing the arbitration clause, but rather only asserts causes of action based on the Labor Code.  He alleges his claims are based upon statutory violations, do not sound in contract, and cannot be deemed part of the arbitration agreement.

Garcia's argument ignores the fact that a claim "arising out of" a contract does not itself need to be contractual. (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 685-686 ["Certainly, the fact that [plaintiff's] complaint consists of alleged tort causes of action, rather than contractual claims that are directly based on the provisions of the [arbitration agreement], does not assist [plaintiff's] argument. It has long been the rule in California that a broadly worded arbitration clause, such as we have here, may extend to tort claims that may arise under or from the contractual relationship"].) Even though Garcia's claims are styled as Labor Code violations, the arbitration agreement applies. (*Mitsubishi Motors Corp. v. Soler Chrylser-Plymouth* (1985) 473 U.S. 614, 626; *Khalatian v. Prime Time Shuttle, Inc.*, (2015) 237 Cal.App.4th 651, 660 [rejecting plaintiff's contention that his wage and hour claims were exempt from arbitration merely because they were statutory]; *Performance Team Freight Systems, Inc. v. Aleman* (2015) 241 Cal.App.4th 1233, 1239.) Labor Code violations are clearly, and indeed expressly, included as one of the types of disputes covered by the arbitration agreement. The arbitration agreement is so clear Garcia concedes Real Time may compel arbitration of his statutory claims under the agreement. This is because Garcia's claims fall within the ambit of the arbitration clause due to the strong policy favoring arbitration and the language of the arbitration agreement.

Notwithstanding this precedent, Garcia contends a nonsignatory like Pexco cannot compel arbitration where a complaint is based upon statutory, not contractual rights. Garcia cites no authority for this distinction and we reject his argument. In *Boucher*, a nonsignatory defendant invoked an arbitration clause to compel a signatory plaintiff to arbitrate its claims that were "intimately founded in and intertwined" with the underlying employment contract. (*Boucher*, *supra*, 127 Cal.App.4th at pp. 272-273.) There, like here, the claims presumed the existence of the employment agreement with the signatory defendant. (*Id.* at p. 272.) The plaintiff asserted several causes of action, including Labor Code violations, against both the signatory and nonsignatory defendants.

5

(*Ibid.*) Ultimately, the court required plaintiff to arbitrate with the nonsignatory defendant under the equitable estoppel exception. (*Id.* at p. 273.)

Garcia's reliance on *DMS Services* is misplaced. There, an employer entered into an insurance agreement containing an arbitration clause with an insurance company. (*DMS Services*, *supra*, 205 Cal.App.4th at p. 1349.) The employer entered into a separate agreement with its third party administrator for workers compensation insurance claims, which did not have an arbitration clause. (*Ibid.*) Plaintiff employer sued the administrator for breach of contract and declaratory relief, among other things. (*Id.* at p. 1350.) The trial court granted insurance company and administrator's motion to compel arbitration based upon the insurance agreement containing the arbitration clause. (*Id.* at p. 1351.) The Court of Appeal determined the nonsignatory administrator could not compel arbitration. (*Id.* at pp. 1354-1355.) The court reasoned equitable estoppel did not apply because the employer's complaint alleged the administrator breached duties under the claims administration agreement and did not allege a breach of the insurance agreement containing the arbitration clause. (*Ibid.*)

Like *Boucher* and unlike *DMS Services*, all of Garcia's claims are intimately founded in and intertwined with his employment relationship with Real Time, which is governed by the employment agreement compelling arbitration. Garcia cannot avoid his obligation to arbitrate his causes of action arising out of his employment relationship by framing his claims as merely statutory. On these facts, it is inequitable for the arbitration about Garcia's assignment with Pexco to proceed with Real Time, while preventing Pexco from participating. This is because Garcia's claims against Pexco are rooted in his employment relationship with Real Time, and the governing arbitration agreement expressly includes statutory wage and hour claims. Garcia does not distinguish between Real Time and Pexco in any way. All of Garcia's claims are based on the same facts alleged against Real Time. Garcia cannot attempt to link Pexco to Real Time to hold it liable for alleged wage and hour claims, while at the same time arguing

6

the arbitration provision only applies to Real Time and not Pexco. Garcia agreed to arbitrate his wage and hour claims against his employer, and Garcia alleges Pexco and Real Time were his joint employers. Because the arbitration agreement controls Garcia's employment, he is equitably estopped from refusing to arbitrate his claims with Pexco.

The agency exception is another exception to the general rule that only a party to an arbitration agreement may enforce it. (*Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 613 (*Thomas*).) The exception applies, and a defendant may enforce the arbitration agreement, "when a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement . . . ." (*Id*. at p. 614.) Here, the operative complaint alleged Real Time and Pexco were acting as agents of one another and every cause of action alleged identical claims against "All Defendants" without any distinction.

Garcia argues the trial court improperly determined an agency exception applied absent a judicial admission and Pexco improperly relied upon "boilerplate" language in the complaint to allege an agency exception. The trial court did not treat Garcia's agency allegations as a judicial admission per se, but rather determined that since the operative complaint alleged the two defendants were joint employers fulfilling the same role, the allegations were sufficient to support the agency exception. The court distinguished *Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446 (*Barsegian*) by recalling the facts in *Barsegian* which involved an action brought against a vendor, an attorney, and a law firm alleging malpractice claims against the law firm and other claims against the other defendants arising out of a breach of lease and fraud. (*Id.* at p. 449.) The *Barsegian* court determined boilerplate allegations that all defendants were all agents of one another did not constitute a judicial admission allowing the law firm to compel arbitration. (*Id.* at p. 451.) Unlike the allegations in *Barsegian*, here the operative complaint alleged workplace violations against Real Time and Pexco as joint employers, referred to both employers collectively as "defendants" without any distinction, and alleged identical claims and conduct regarding unlawful and improper acts. This was not

7

merely boilerplate language.  As the alleged joint employers, Pexco and Real Time were agents of each other in their dealings with Garcia.  Accordingly, Pexco is entitled to compel arbitration of Garcia's claims against it under the arbitration clause in Garcia's contract with Real Time.

## DISPOSITION

The judgment is affirmed.  Pexco shall recover its costs incurred on appeal.

IKOLA, J.

WE CONCUR:

ARONSON, ACTING P. J.

THOMPSON, J.

8

Filed 5/16/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NARCISO GARCIA, | |
| Plaintiff and Appellant, | G052872 |
| v. | (Super. Ct. No. 30-2014-00742230) |
| PEXCO, LLC, | O R D E R |
| Defendant and Respondent. | |

The California Employment Law Council and the Employers Group jointly request that our opinion filed on April 24, 2017, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.

IKOLA, J.

WE CONCUR:

ARONSON, ACTING P. J.

THOMPSON, J.