Filed 1/3/19; Certified for Publication 1/30/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANTONIA VASQUEZ et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> SAN MIGUEL PRODUCE, INC., <br><br> Defendant, Cross-Complainant and Appellant. <br><br> EMPLOYER'S DEPOT, INC., <br><br> Cross-Defendant and Appellant. | 2d Civil No.B287696 <br> (Super. Ct. No. 56-2017-00498860-CU-OE-VTA) <br> (Ventura County) |

Respondents Antonia Vasquez and Cecilia Zacarias were hired by appellant Employer's Depot, Inc. (EDI), a staffing agency. EDI was respondents' employer when they worked on assignment. Respondents and EDI agreed in writing to arbitrate "all disputes that may arise within the employment context."

EDI assigned respondents to pack produce for appellant San Miguel Produce, Inc.  Respondents later sued San Miguel for labor law violations.  San Miguel cross-complained, blaming EDI for causing respondents' alleged damages.  Appellants jointly moved to compel arbitration.  The trial court denied their motion. (Code Civ. Proc., §1281.2.)

On de novo review, we conclude that arbitration is mandated.  Appellants are co-employers with an identity of interests and mutual responsibility for complying with state law governing employers in the produce packing industry.  It is inconsequential that respondents chose not to name EDI as a defendant.  They agreed to arbitrate "all disputes" arising from their employment.  At all relevant times EDI was their employer. We reverse and remand with directions to stay court proceedings and order the parties to arbitrate their dispute.

**FACTS AND PROCEDURAL HISTORY**

EDI leases its employees on a temporary basis to other businesses.  It is responsible for paying wages for any work performed and issuing wage statements.  EDI assigned respondents to San Miguel for one to two months, where they worked as "packing employees."

Respondents filed suit against San Miguel, alleging that it failed to pay minimum wage or overtime, failed to provide meal and rest periods or accurate wage statements, and failed to promptly pay wages on termination.  Though they did not name EDI, respondents allege that they "were employed jointly by [San Miguel] and a temporary services employer."  Respondents do not deny that EDI is their temporary services employer.

San Miguel answered the complaint and asserted that respondents failed to join EDI, their actual employer and an indispensable party.  San Miguel cross-complained against EDI,

2

seeking indemnification and alleging that EDI was responsible for the labor law violations claimed by respondents.

Respondents signed an arbitration agreement (Agreement). It states, "my Temporary Employment Agency . . . and [EDI] (my 'Worksite Employer') and I will utilize binding arbitration to resolve all disputes that may arise within the employment context," whether based on tort, contract or statute.[1]  Further, "I agree that any claim, dispute, and/or controversy that either I may have against my Worksite Employer, my Temporary Employment Agency . . . having any relationship or connection whatsoever with my seeking employment with, or any other association with my Worksite Employer [or] my Temporary Employment Agency . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) in conformity with the procedures of the California Arbitration Act . . . ."  Respondents agreed that "all claims that I may have . . . must be taken [*sic*] individually and not as a plaintiff or class member in any collective action."

Appellants moved to compel contractual arbitration.  In opposition, respondents argued that EDI cannot compel arbitration because it is not named as a defendant in the complaint, and San Miguel cannot compel arbitration because it is not a signatory to the Agreement.  Appellants replied that they can invoke the Agreement as joint employers and because San Miguel is EDI's agent.  The trial court denied appellants' motion to compel.

---

[1]  EDI's attorney conceded that EDI is misidentified as the "worksite employer" due to typographical error.

3

**DISCUSSION**

*1. Appeal and Review*

The denial of a petition to compel arbitration is appealable. (Code Civ. Proc., §1294, subd. (a).) Review is de novo because no evidence was offered to interpret the Agreement and uncontradicted declarations were submitted in support of the motion to compel arbitration. (*Gravillis v. Coldwell Banker Residential Brokerage Co.* (2006) 143 Cal.App.4th 761, 771; *In re Tobacco Cases I* (2004) 124 Cal.App.4th 1095, 1105.) "Our de novo review includes the legal determination whether and to what extent nonsignatories to an arbitration agreement can enforce the arbitration clause." (*DMS Services, LLC v. Superior Court* (2012) 205 Cal.App.4th 1346, 1352.)

*2. The Policy Favoring Arbitration*

California and federal law favor enforcement of arbitration agreements. (*Shearson/American Express v. McMahon* (1987) 482 U.S. 220, 226; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) Arbitration should be ordered unless the agreement, liberally interpreted, clearly does not apply to the dispute. We resolve any doubts in favor of arbitration. (*Vianna v. Doctors' Management Co.* (1994) 27 Cal.App.4th 1186, 1189.)

*3. EDI Has Standing To Compel Arbitration*

Respondents do not deny their obligation to arbitrate with EDI "all disputes that may arise within the employment context." Respondents were hired by EDI and paid by EDI for work they performed while assigned to San Miguel. They allege that they received inaccurate wage statements and were not promptly paid when their employment ended. (Lab. Code, §§ 201, 202, 226.) EDI alone paid respondents and issued their wage statements. By necessity, EDI must answer for respondents' claims of late payment and wage statement inaccuracies.

This dispute, in toto, arises from respondents' employment with EDI. Had they not been hired by EDI, respondents would not have been assigned to San Miguel. San Miguel's cross-complaint alleges that respondents' damages were caused by EDI's breach of its duty to pay respondents all wages due and failure to use reasonable care in carrying out its obligations.

EDI will be denied the benefit of the Agreement if it is obliged to litigate a dispute arising from respondents' employment. Respondents cannot "avoid arbitration by suing non-signatory defendants for claims that are '"based on the same facts and are inherently inseparable"' from arbitrable claims against signatory defendants. [Citation.]" (*Metalclad Corp. v. Ventana Environmental Organizational Partnership* (2003) 109 Cal.App.4th 1705, 1713.) Looking at "'the relationships of persons, wrongs and issues'" (*ibid*), we conclude that signatory cross-defendant EDI can compel arbitration of inseparable claims based on the same facts alleged against San Miguel.

*4. Appellants May Jointly Enforce the Agreement*

As a rule, only a party to an arbitration agreement can invoke it. However, an agency or similar relationship between the nonsignatory and one of the parties to the arbitration agreement allows enforcement by the nonsignatory. (*Westra v. Marcus & Millichap Real Estate Investment Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759, 763-766 [agent of a signatory party to an arbitration agreement may compel arbitration, even if the agent did not sign the agreement].) Appellants' co-employer relationship and identity of interest with regard to their mutual employees allows them to compel arbitration of an employment dispute.

The Agreement mandates that respondents arbitrate any dispute with the "temporary employment agency" and the

5

"worksite employer." EDI is misidentified in the Agreement as the "worksite employer." (See fn. 1, *ante*.) Despite the error, respondents plead that they "were employed jointly by [San Miguel] and a temporary services employer." Respondents concede that EDI is their temporary services employer and San Miguel is their worksite employer; they made no effort to contradict appellants' declarations showing that they are respondents' co-employers.

Respondents agree that state law governs co-employer duties and liability. (*Serrano v. Aerotek, Inc.* (2018) 21 Cal.App.5th 773, 784.) Under state law, every employer is liable for unpaid minimum wages and overtime compensation. (Lab. Code, § 1194; *Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 333 ["section 1194 permits an employee with multiple employers to seek recovery of unpaid wages from any of them"].) In California, wage and hour claims are governed by the Labor Code *and* wage orders, and both have equal dignity; the courts give "extraordinary deference" to wage orders and enforce their specific terms. (*Martinez v. Combs* (2010) 49 Cal.4th 35, 61; *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1026-1027; Lab. Code, § 1185.)

We asked the parties to brief Wage Order No. 8 (Cal. Code Regs., tit. 8, §11080), a state law relevant to co-employer duties. Wage Order No. 8 governs "all persons employed in the industries handling products after harvest." (*Id.*, subd. 1.) It defines an employer as anyone "who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." (*Id.*, subd. 2(F).) This definition of an employer "reach[es] situations in which multiple entities control different aspects of the employment relationship. This occurs, for

6

example, when one entity (such as a temporary employment agency) hires and pays a worker, and another entity supervises the work." (*Martinez v. Combs*, *supra*, 49 Cal.4th at p. 76.)

An employer (a) exercises control over wages, hours, or working conditions, or (b) suffers or permits the work, or (c) engages the employee, creating a common law employment relationship. (*Martinez v. Combs*, *supra*, 49 Cal.4th. at p. 64.) The definition of "employer" is expansive because it "is intended to preclude a business from evading the prohibitions or responsibilities embodied in the relevant wage orders directly or indirectly—through indifference, negligence, intentional subterfuge, or misclassification." (*Dynamex Operations West, Inc. v. Superior Court* (2018) 4 Cal.5th 903, 961-962.) Here, both San Miguel and EDI are the "employer." EDI hired respondents, assigned them to work temporarily as produce packers, paid them, and issued their wage statements. San Miguel supervised respondents' work and reported their hours to EDI.

Co-employers in the post-harvest packing industry have concurrent duties to their employees. (Cal. Code Regs., tit. 8, § 11080, subds. 4(A) ["Every employer" shall pay minimum wages], 7(A)(3) ["Every employer" shall keep accurate employee time records], 11(A) ["No employer" will fail to comply with meal period requirements], 12(A) ["Every employer" will permit rest periods].) Under Wage Order No. 8, both appellants were responsible for assuring proper payment of wages, providing meal and rest periods and keeping accurate records.

The courts have found that co-employers have equal obligations to comply with laws governing wages, meals and rest breaks. A co-employer cannot "discharge its affirmative obligation to authorize and permit meal and rest breaks purely through inaction." (*Benton v. Telecom Network Specialists, Inc.*

7

(2013) 220 Cal.App.4th 701, 728-730 [citing a similar wage order making "every employer" responsible for providing lawful meal and rest breaks, even if the staffing agency and the worksite employer had different policies]; *Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 931-932, 946-947 [as the employer of guards assigned to private and public entities, a security staffing company had to determine if guards could take off-duty meal breaks, even if worksite clients demanded that the guards remain on duty during breaks].)

The mutual relationship between co-employers is underscored in a recent case from Division Two of this District, *Castillo v. Glenair, Inc.* (2018) 23 Cal.App.5th 262. (*Castillo*) The Castillos were employed and paid by GCA, a temporary staffing company. It assigned the Castillos to work at Glenair, which recorded their time and reported it to GCA. The Castillos characterized GCA and Glenair as joint employers. The Castillos sued GCA for Labor Code violations, claiming unpaid wages and deprivation of meal and rest breaks; once those claims were resolved, they sued Glenair for the same statutory violations. (*Id.* at pp. 266-270.)

The court in *Castillo* concluded that the staffing agency and on-site employer had an agency relationship, as a matter of law. GCA relied on Glenair to perform timekeeping tasks, providing information that allowed GCA to pay its employees. Glenair's role in collecting, reviewing and providing employee time records created a specific agency relationship. "Glenair was an agent of GCA—specifically an agent with respect to GCA's payment of wages to its employees" so that a settlement with GCA barred a second lawsuit against Glenair. (*Castillo*, *supra*, 23 Cal.App.5th at pp. 281-282.)

8

The Agreement encompasses any disputes respondents have with the temporary employment agency and the worksite employer. If the Agreement misidentified EDI as the "worksite employer," respondents have disregarded the error by pleading that they were jointly employed by San Miguel "and a temporary services employer," meaning EDI. By acknowledging that they worked for San Miguel (the worksite employer) *and* a temporary services employer (EDI), it is within respondents' reasonable expectations that the Agreement applies to both of the appellants. Appellants are both responsible under state law for ensuring compliance with the wage and hour laws that respondents claim were violated. Under *Castillo*, San Miguel served as EDI's agent, collecting and providing employee records so that respondents could be paid. As a result, appellants may invoke the Agreement and compel arbitration.

A like result was reached in *Garcia v. Pexco, LLC* (2017) 11 Cal.App.5th 782. Garcia had an arbitration agreement with his employer, Real Time Staffing Services. He sued Real Time and a worksite employer, Pexco, for labor law violations. (*Id.* at pp. 784-785.) The court concluded that nonsignatory Pexco could compel arbitration because "all of Garcia's claims are intimately founded in and intertwined with his employment relationship with Real Time," with whom he agreed to arbitrate "any dispute." (*Id.* at p. 787.) Otherwise stated, "Garcia's claims against Pexco are rooted in his employment relationship with Real Time . . . ." (*Ibid.*) Notably, "Garcia agreed to arbitrate his wage and hour claims against his employer, and Garcia alleges Pexco and Real Time were his joint employers." (*Id.* at 788.) As joint employers, Pexco and Real Time were agents of each other in their dealings with Garcia. (*Ibid.*)

9

In our case, like *Garcia,* respondents' claims against nonsignatory San Miguel are rooted in their employment relationship with signatory EDI, and the complaint alleges that the two are joint employers. Unlike *Garcia,* respondents did not sue the staffing agency. However, that is a distinction without a difference because EDI is a party to this litigation; appellants are equally responsible for complying with wage and hour laws; and this entire dispute arose from respondents' employment with EDI, which must ensure lawful work breaks when its employees are assigned to a client such as San Miguel. (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at pp. 946-947.) This lawsuit falls within the Agreement because it is a dispute, claim or controversy that arises from respondents' employment.

## DISPOSITION

The order denying the petition to compel arbitration is reversed. The trial court is directed to stay this litigation and order the parties to arbitrate their dispute. Appellants are entitled to recover their costs on appeal.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

10

Vincent J. O'Neill, Judge

Superior Court County of Ventura

_____

Karasik Law Firm and Gregory N. Karasik; Law Offices of Santos Gomez, Santos Gomez and Maria Esmeralda Vissuzi for Plaintiffs and Respondents.

Lothorp Richards McMillan Miller & Templeman and Darin Marx for Defendant, Cross-Complainant and Appellant San Miguel Produce, Inc.

LightGabler and Jonathan Fraser Light for Cross-Defendant and Appellant Employer's Depot, Inc.

Filed 1/30/19

# CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SIX

| | |
|---|---|
| ANTONIA VASQUEZ et al., | 2d Civil No.B287696 |
| Plaintiffs and Respondents, | (Super. Ct. No. 56-2017-00498860-CU-OE-VTA) |
| v. | (Ventura County) |
| SAN MIGUEL PRODUCE, INC., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant, Cross-complainant and Appellant; | [NO CHANGE IN JUDGMENT] |
| EMPLOYER'S DEPOT, INC., | |
| Cross-defendant and Appellant. | |

THE COURT[*]:

The opinion in the above-entitled matter filed on January 3, 2019, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

[*] PERREN, J., GILBERT, P.J., TANGEMAN, J.