Filed 12/29/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ROSEANA GARCIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EXPERT STAFFING WEST et al.,<br><br>    Defendants and Appellants. | 2d Civ. No. B307371<br>(Super. Ct. No. 56-2018-00506302-CU-OE-VTA)<br>(Ventura County) |

Respondent Roseana Garcia had an employment agreement with her former employers, appellants Essential Seasons and Cool-Pak, LLC.  The agreement did not include an arbitration clause.  After that employment ended, Garcia applied for work with appellant Expert Staffing West.  As a part of her application for employment with Expert Staffing West, Garcia agreed to submit all disputes between them to arbitration.  Her application was rejected.

Garcia later joined an existing class action for wage and hour violations against all three appellants.  She based her claims on her prior employment by Essential Seasons and Cool-Pak.  The issue presented here is whether the arbitration agreement between Garcia and Expert Staffing West applies to disputes arising

between Garcia and her former employers. We conclude that the arbitration clause between a job applicant and her prospective employer does not apply to disputes between the applicant and her former employers based on the existence of a business relationship between the prospective employer and the applicant's past employers.

Expert Staffing West and its Chief Executive Officer Edward Bright, Essential Seasons and its owner/managing partner Kathleen Winters,[1] and Cool-Pak, LLC (collectively "Appellants") appeal from the trial court's orders denying their motion to compel Garcia to arbitrate her individual claims and denying their motions to dismiss her class claims and stay the action. Essential Seasons and Cool-Pak contend the trial court erred when it determined that the arbitration agreement between Garcia and Expert Staffing West did not apply to Garcia's claims against them. We disagree and affirm.

## FACTUAL AND PROCEDURAL HISTORY

*Garcia's Employment at Essential Seasons/Cool-Pak in 2017*

Essential Seasons provided contract-based labor services for agricultural and foodservice companies. Cool-Pak, LLC is a company that labels, packs, and ships produce.

In 2017, Essential Seasons hired Garcia and placed her at Cool-Pak as a packer. During the time Garcia was an Essential Seasons employee, Expert Staffing West provided payroll services to

---

[1] Future references to Expert Staffing West include appellant Bright and future references to Essential Seasons include appellant Winters.

2

Essential Seasons.[2]  Garcia's employment with Essential Seasons and Cool-Pak ended in December 2017.

*Job Application for Expert Staffing West*

In 2019, Garcia applied for employment at Expert Staffing West.  Garcia completed and signed an arbitration agreement as part of the application package.  Garcia did not obtain employment with Expert Staffing West after completing this application.

The arbitration agreement stated:  "In the event there is any dispute between Employee and the Company relating to or arising out of employment or the termination of Employee . . . regardless of the kind or type of dispute, Employee and the Company agree to submit all such claims or disputes to be resolved by final and binding arbitration . . . ."  The agreement defined "the Company" as "Expert Staffing West *and all related entities*, including entities where employees are sent to work."  (Italics added.)  The agreement also included a class action waiver, stating: "neither Employee nor the Company will assert any class action . . . claims against each other in arbitration, in any court, or otherwise."  The agreement stated that it was "governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq."

*Petition to Compel Arbitration*

In 2018, several former employees sued Appellants and others, alleging various individual and class action wage and hour

---

[2] In addition to providing payroll services, Expert Staffing West was also a temporary staffing company, which hired employees for temporary work assignments at client sites, but there is nothing in the record to suggest that Expert Staffing West was involved in the hiring or employment of Garcia by Essential Seasons/Cool-Pak in 2017.

claims. In November 2019, the plaintiffs in that lawsuit filed a Third Amended Complaint, which added Garcia as a plaintiff. Garcia's allegations stemmed from her work at Essential Seasons/Cool-Pak in 2017. Based on Garcia's claims, Cool-Pak filed a cross-complaint against Expert Staffing West and Essential Seasons.

Expert Staffing West filed a petition to compel arbitration of Garcia's individual claims, a motion to dismiss Garcia's class claims, and a motion to stay the action pending arbitration, based on the job application with Expert Staffing West, executed after Garcia's employment with Essential Seasons/Cool-Pak had ended. Essential Seasons and Cool-Pak filed joinders to the petition to arbitrate.

The trial court denied the petition. The court found that Garcia "had not been employed by (or through) [Expert Staffing West] for over a year when she signed the agreement at issue in this case. Moreover, she did not obtain a job as a consequence of her application for employment of which the arbitration agreement was a part." In interpreting the contract to give effect to the parties' mutual intent at the time of contracting, the court noted that the "agreement which Ms. Garcia signed does not even mention Cool-Pak." The court found that under the circumstances, Garcia had not "agreed to arbitrate her claims against Cool-Pak[,] even conceding the principle of retroactivity as established by *Salgado*.[3]" The court also denied the motions to dismiss and stay the action.

---

[3] *Salgado v. Carrows Restaurant, Inc.* (2019) 33 Cal.App.5th 356 (*Salgado*).

4

## DISCUSSION

Appellants contend the trial court erred when it determined the arbitration agreement did not apply to Garcia's individual wage and hour claims.  They argue this result is compelled by our decision in Salgado, *supra*, 33 Cal.App.5th 356.  We disagree.

An arbitration agreement is a contractual agreement. (*Salgado, supra*, 33 Cal.App.5th at p. 359.)  "General contract law principles include that '[t]he basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting. [Citations.] . . .  "The words of a contract are to be understood in their ordinary and popular sense." [Citations.]'  [Citation.] Furthermore, '[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.'  [Citation.]"  (*Mitri v. Arnel Management Co.* (2007) 157 Cal.App.4th 1164, 1170.)

Although there is a general policy favoring arbitration, a party cannot be compelled to accept arbitration of a controversy which they have not agreed to arbitrate.  (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 59 (*Avery*).) Without a clear agreement to arbitrate a controversy, courts will not infer that the right to a jury trial has been waived.  (*Ibid.*)

"'There is no uniform standard of review for evaluating an order denying a motion to compel arbitration.  [Citation.]  If the court's order is based on a decision of fact, then we adopt a substantial evidence standard.  [Citations.]  Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed.  [Citations.]'  [Citation.] Interpreting a written document to determine whether it is an enforceable arbitration agreement is a question of law subject to de

5

novo review when the parties do not offer conflicting extrinsic evidence regarding the document's meaning. [Citation.]" (*Avery*, *supra*, 218 Cal.App.4th at p. 60.) In this case, because the material facts are not in dispute and there is no conflicting extrinsic evidence relevant to the meaning of the agreement terms, we review de novo whether the arbitration agreement applies to Garcia's claims. (*Avery*, *supra*, 218 Cal.App.4th at p. 60.)

We conclude that the arbitration agreement signed in 2019 "is not susceptible of an interpretation that covers" Garcia's prior employment by a different employer. (*AT&T Technologies, Inc. v. Communications Workers of America* (1986) 475 U.S. 643, 650.)

The first sentence at the top of the agreement states the agreement is part of the "onboarding package." The word "onboarding"[4] reflects that the parties intended the agreement to apply to new employees of Expert Staffing West. The agreement states that the parties agreed to arbitrate "any dispute between Employee and the Company relating to or arising out of the employment or the termination of Employee," and "the Company" is defined as "Expert Staffing West and all related entities, including where employees are sent to work."

We conclude that the arbitration clause between a job applicant and her prospective employer does not apply to disputes between the applicant and her former employers merely because her former employers had a business relationship with her prospective employer.

---

[4] "Onboarding" is defined as "the act or process of orienting and training a new employee." (Merriam-Webster.com Dictionary, <https://www.merriam-webster.com/dictionary/onboarding> [as of Dec. 14, 2021], archived at <https://perma.cc/F8S4-PPKR>.)

*Salgado v. Carrows Restaurant, Inc.*

Appellants argue this case is governed by *Salgado, supra*, 33 Cal.App.5th 356, and that the broad language of the arbitration agreement retroactively applies to Garcia's claims against prior employers because of the business relationship between the past and prospective employers. We disagree.

Salgado sued Carrows Restaurant for employment discrimination and civil rights violations. (*Salgado, supra*, 33 Cal.App.5th at p. 358.) The following month, Salgado signed an arbitration agreement with Carrows Restaurant. (*Id.* at p. 359.) Carrows moved to compel arbitration based on the arbitration agreement, and Salgado opposed the motion on the ground that her lawsuit predated the signing of the arbitration agreement. (*Ibid.*) We determined that the language of the agreement was "broad in scope" and retroactively applied to controversies that occurred *between the same parties* before the agreement was signed. (*Id.* at pp. 360-361; see also *Franco v. Greystone Ridge Condominium* (2019) 39 Cal.App.5th 221 [a broadly worded arbitration agreement signed after a lawsuit applied to the claims raised in the lawsuit].)

The agreement in *Salgado* recited that the parties would "'utilize binding arbitration as the sole and exclusive means to resolve all disputes which may arise out of or be related in any way to [the employee's] application for employment and/or employment.'" It also recited that "'*any claim*, dispute, and/or controversy . . . shall be submitted to and determined exclusively by binding arbitration.'" (*Salgado, supra*, 33 Cal.App.5th at p. 359.) We concluded that these provisions were "'clear and explicit'" and applied regardless of the age of the claim. (*Id.* at p. 361.) Rather, the second provision "unequivocally require[d] arbitration for 'any claim'" Salgado had against Carrows. (*Ibid.*)

7

*Salgado, supra*, 33 Cal.App.5th 356 does not apply here. Unlike Salgado, who was a Carrows employee when she signed the arbitration agreement, Garcia was a job applicant and had never been employed by Expert Staffing West when she signed the arbitration agreement. And Garcia's claims arose when she was employed by a different company (i.e., Essential Seasons/Cool-Pak) before she applied for a job with Expert Staffing West. No evidence supports a finding that the parties intended to benefit Garcia's former employers, or that those former employers are prejudiced by not being able to enforce an arbitration agreement they never bargained for or executed.

*The Former Employers are not Third-Party Beneficiaries*

Appellants argue that Essential Seasons and Cool-Pak can enforce the arbitration agreement because they are non-signatories or third-party beneficiaries to the arbitration agreement. We again disagree.

Appellants rely on *Garcia v. Pexco, LLC* (2017) 11 Cal.App.5th 782 (*Pexco*), in which the Court of Appeal held that an employee was required to arbitrate claims against a nonsignatory to an arbitration agreement. There, the employee was hired by a temporary staffing company (Real Time) and was assigned to work at Pexco. (*Id*. at p 784.) The employee signed an arbitration agreement with Real Time, but the agreement did not mention Pexco. (*Ibid*.) The employee sued Real Time and Pexco for wage and hour violations which occurred during the employee's assignment with Pexco. (*Id*. at p. 785.) Real Time and Pexco moved to compel arbitration. (*Ibid*.) The Court of Appeal determined that under the principle of equitable estoppel, "'a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against

8

the nonsignatory are "intimately founded in and intertwined" with the underlying contract obligations.' [Citation.]" (*Id.* at p. 786.) Because the claims against Real Time and Pexco were based on the same facts and were inseparable from the arbitrable claims against Real Time, the employee was "equitably estopped from refusing to arbitrate his claims with Pexco." (*Id.* at p. 788.)

 *Pexco*, *supra*, 11 Cal.App.5th 782, is distinguishable. Nothing in the record here supports a finding that Essential Seasons and Cool-Pak were third-party beneficiaries to the arbitration agreement. Most significantly, Garcia never obtained a job through her application with Expert Staffing West. There is no basis for an estoppel here.

<em>Effect of Agency Allegations</em>

 Finally, appellants contend they can enforce the arbitration agreement because Garcia alleged in her complaint that Appellants were all agents/alter-egos of one another. A similar argument was rejected in *Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446, 451 (*Barsegian*).

 There, the Kessler defendants argued that because the complaint alleged that the defendants are agents of each other, all defendants were entitled to enforce each other's arbitration agreement. (*Barsegian*, *supra*, 215 Cal.App.4th at p. 451.) In rejecting this argument, the Court of Appeal observed that complaints in actions against multiple defendants often include allegations that the defendants were each other's agents because such allegations may ultimately prove to be necessary. (*Ibid.*) The court observed that if the "defendants' argument were sound, then in every multidefendant case in which the complaint contained boilerplate allegations of mutual agency, as long as *one* defendant had entered into an arbitration agreement with the plaintiff, *every*

9

defendant would be able to compel arbitration, regardless of how tenuous or nonexistent the connections among the defendants might actually be." (*Ibid*.) The court concluded that the allegations in the complaint did not constitute a judicial admission allowing the Kessler defendants to compel arbitration. (*Id*. at p. 453.)

We agree with *Barsegian*, *supra*, 215 Cal.App.4th 446, and conclude that the allegations regarding agency in the complaint did not allow Appellants to compel arbitration of Garcia's claims. As in *Barsegian*, there has been no judicial admission here.

Because the arbitration agreement does not apply to Garcia's claims, we conclude that the trial court properly dismissed the motions to dismiss the class action claims and to stay the action.

## DISPOSITION

The judgment is affirmed. Garcia shall recover costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

10

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Epstein Becker & Green, Michael S. Kun and Kevin D. Sullivan for Defendants and Appellants Expert Staffing West and Edward Bright.

Law Offices of Mary E. Lynch and Mary E. Lynch for Defendants and Appellants Essential Seasons, LLC and Kathleen Winters.

Ogletree, Deakins, Nash, Smoak & Stewart, Evan R. Moses and Marlene M. Moffitt for Defendant and Appellant Cool-Pak, LLC.

Marlin & Saltzman, Stanley D. Saltzman, Karen I. Gold; Weilbacher & Weilbacher, Brian R. Weilbacher, Lisa D. Walker; Law Office of William P. Haney and William P. Haney for Plaintiff and Respondent.