Filed 3/13/24  Gooden v. Astrix Technology CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TONI A. GOODEN,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ASTRIX TECHNOLOGY, LLC,<br><br>Defendant and Appellant. | B326835<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV45436) |

APPEAL from an order of the Superior Court of Los Angeles County, Maren E. Nelson, Judge. Affirmed.

DTO Law, Justin T. Goodwin, Erik P. Mortensen and Marisol Ramirez for Defendant and Appellant.

Bibiyan Law Group, David D. Bibiyan and Henry G. Glitz for Plaintiff and Respondent.

————————————

Defendant and appellant Astrix Technology, LLC (Astrix), appeals the trial court's order denying its motion to compel arbitration. We find no error and affirm the order.

## BACKGROUND

There are two agreements involving Astrix and plaintiff and respondent Toni Gooden concerning Gooden's employment claims: an April 30, 2021 contingent worker agreement to which Astrix, Gooden, and Gilead Sciences, Inc. (Gilead), are parties; and a May 11, 2021 employment agreement, involving only Astrix and Gooden.

Astrix is a company that places contingent workers in science-based companies. Gooden was hired by Astrix for a temporary assignment at Kite Pharma, Inc. (Kite), a Gilead subsidiary. Before beginning the assignment, Gooden was required to sign Gilead's contingent worker agreement that included binding arbitration for disputes involving a "Worker and Gilead or their related parties." The agreement was attached to an email sent to Gooden. Astrix contends Gooden signed the agreement via DocuSign on April 30, 2021.

**Gooden's lawsuit against Astrix**

Gooden's employment with Astrix lasted until October 2021. Subsequently she sued Astrix and others for various Labor Code violations. The claims were brought on behalf of Gooden and a putative class. After dismissing the other defendants from her suit, Gooden filed a first amended complaint solely against Astrix.

Astrix filed a motion to compel arbitration based on the April 30, 2021 contingent worker agreement. Astrix admitted it lacked a copy signed by Gooden and, instead, offered a form agreement and testimony from individuals who stated they had

2

searched for a signed copy without success. Gooden challenged this evidence and claimed she never signed the contingent worker agreement and further argued the May 11, 2021 employment agreement with Astrix superseded any other agreement. The employment agreement does not mention arbitration and includes an integration clause asserting it to be the entire agreement between the parties that supersedes all prior agreements.

The trial court denied Astrix's motion to compel arbitration, finding Astrix failed to establish the existence of a valid agreement to arbitrate. It also determined the subsequent employment agreement superseded any prior agreement.

Astrix filed a timely notice of appeal.

## CONTENTIONS ON APPEAL

Astrix challenges the order on three grounds: the trial court erred by excluding secondary evidence of the arbitration agreement; arbitration could be compelled based on agency principles and equitable estoppel; and it was error to conclude the subsequent employment agreement superseded the prior arbitration agreement.

## DISCUSSION

### I. Applicable law and standard of review

"Generally, the standard of review applicable to the denial of a petition to compel arbitration is determined by the issues presented on appeal [citation]. To the extent the denial relies on a pertinent factual finding, we review that finding for the existence of substantial evidence. [Citation.] In contrast, to the extent the denial relies on a determination of law, we review the trial court's

resolution of that determination de novo." (*Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 655.)

Finally, when an order denying a motion to compel arbitration is based on the trial court's finding that the petitioner failed to carry its burden of proof, the reviewing court must determine whether that finding was erroneous as a matter of law. (*Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1121 (*Trinity*).) """Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.""" (*Ibid.*)

## II. The employment agreement supersedes the earlier agreement to arbitrate

Astrix argues it was error to find the employment agreement superseded the agreement to arbitrate contained in the contingent worker agreement. We disagree.

### A. *The employment agreement is the final and complete expression of Gooden's employment with Astrix*

""""The basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting. [Citations.] When a contract is reduced to writing, the parties' intention is determined from the writing alone, if possible. [Citation.]" [Citation.] "The words of a contract are to be understood in their ordinary and popular sense . . . .""" (*Grey v. American Management Services* (2012) 204 Cal.App.4th 803, 806-807 (*Grey*).)

"The court determines whether the parties intended the contract to be a final and complete expression of their agreement. [Citation.] 'The crucial issue in determining whether there has

4

been an integration is whether the parties intended their writing to serve as the exclusive embodiment of their agreement. The instrument itself may help to resolve that issue.' [Citation.] The existence of an integration clause is a key factor in divining that intent. [Citation.] 'This type of clause has been held conclusive on the issue of integration, so that parol evidence to show that the parties did not intend the writing to constitute the sole agreement will be excluded.'" (*Grey, supra*, 204 Cal.App.4th at p. 807.)

For example, when a provision states the contract is the entire agreement between the parties and supersedes all prior understandings, it means the parties intended the contract to be the final and exclusive embodiment of their agreement. (*Grey, supra*, 204 Cal.App.4th at pp. 807-808.)

Here, the employment agreement was intended to express the parties' understanding of the terms of Gooden's employment. Gooden received the document as part of an "on-boarding" package from Astrix. The details of her work, compensation, benefits, and termination of employment were included. There was also a noncompete clause, details on the parties' rights to use litigation, and a waiver of the statute of limitations.

Section 17 of the agreement included the following: "This Agreement and any riders hereto (if any) shall constitute the entire agreement between the parties. This Agreement supersedes any statements, agreements, or representations made prior to or contemporaneously herewith. Any amendments or modifications must be in writing to be effective."

Thus establishing the agreement was the entire agreement between the parties and superseded any prior statements, agreements, or representations. It is conclusive on the issue of integration and shows Astrix and Gooden intended the

employment agreement to serve as the exclusive embodiment of their agreement on their relationship.

### B. *The earlier agreement to arbitrate was superseded as to Astrix*

A final, integrated contract "may not be contradicted by evidence of a prior agreement or of a contemporaneous oral agreement." (Code Civ. Proc., § 1856, subd. (a).) The parol evidence rule "generally prohibits the introduction of extrinsic evidence—oral or written—to vary or contradict the terms of an integrated written instrument." (*EPA Real Estate Partnership v. Kang* (1992) 12 Cal.App.4th 171, 175 (*EPA Real Estate*).)

Here, the employment contract was the final and exclusive embodiment of Astrix and Gooden's agreement, superseding all prior agreements, including the contingent worker agreement. As a result, Astrix was precluded from using extrinsic evidence to vary the terms of the employment agreement by adding an agreement to arbitrate any claims Gooden may have against Astrix.

### C. *Only Astrix's and Gooden's obligations were superseded*

Astrix argues the employment agreement between Astrix and Gooden cannot supersede the prior agreement among Astrix, Gooden, and Gilead. However, that is not what occurred. The employment agreement did not supersede the *entire* contingent worker agreement. Instead, the employment agreement superseded only the promises Astrix and Gooden made to each other within the contingent worker agreement.

Astrix offers no legal authority to support its position parties cannot use a later agreement to supersede their obligations to each other. Freedom of contract is an important principle in California law. (*Eminence Healthcare, Inc. v. Centuri*

6

*Health Ventures, LLC* (2022) 74 Cal.App.5th 869, 880 ["The policy favoring arbitration does not override the parties' freedom of contract."]) As a result, Astrix and Gooden have the freedom to contract away rights or obligations they had to each other under the contingent worker agreement, including the right to arbitrate employment disputes.

Section 17 of the employment agreement clearly states it is the entire agreement between Astrix and Gooden. It did not alter any obligations either of them had with Gilead contained in the contingent worker agreement. The employment agreement superseded only the obligations Astrix and Gooden had to each other.

Furthermore, an agreement to arbitrate is particularly capable of being separated from a prior agreement and superseded by a subsequent agreement, as arbitration agreements must be viewed as "'"separable"'" from other portions of a contract." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 416.) Being viewed as "separable," the agreement to arbitrate could be superseded without affecting the rest of the contingent worker agreement.

### D. *Agency and equitable estoppel arguments not applicable*

Astrix argues it should still be able to enforce the agreement to arbitrate through its status as an agent of Gilead or under the doctrine of equitable estoppel. Astrix offers no legal authority for this claim to obtain via a contract that expressly agreed was superseded by a subsequent agreement.

Instead, Astrix relies on authority holding that a nonsignatory may obtain the benefits of arbitration as an agent of a signatory. (*Berman v. Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1004.) Or a nonsignatory may compel arbitration

7

when a signatory's claims arise out of and are related directly to the written agreement containing the arbitration clause. (*Garcia v. Pexco, LLC* (2017) 11 Cal.App.5th 782, 786.) The facts in *Garcia* involve a similar employment relationship. An employee of a staffing agency was assigned to work for Pexco, LLC. When the employee made Labor Code claims against Pexco, LLC, these claims were subject to arbitration because, even though Pexco, LLC, did not sign an arbitration agreement, the employee's claims were "intimately founded in and intertwined with" the employee's employment contract with the staffing agency that contained binding arbitration provisions. (*Id.* at pp. 787-788.)

This authority is inapposite as they identify principles for situations when parties may enforce an arbitration agreement they did not sign. Here, Astrix was a signatory to the contingent worker agreement (containing the arbitration provision) and could have enforced any right to arbitration in that way. However, Astrix subsequently entered into the employment agreement as the final and exclusive embodiment of Gooden's employment. Thus, Astrix contracted away its right to arbitrate.

Further, Astrix is prohibited from using extrinsic evidence, such as the contingent worker agreement, to vary or contradict the terms of the integrated employment agreement. (*EPA Real Estate, supra*, 12 Cal.App.4th at p. 175.) This principle bars Astrix from enforcing the arbitration agreement under an agency or equitable estoppel theory because that would vary the terms of the employment agreement, which does not contain an arbitration requirement.[1]

---

[1] In addition to these grounds, there was a discussion in oral argument that equitable estoppel does not apply because Gooden did nothing inequitable. "'Equitable estoppel precludes a party from asserting rights "he otherwise would have had against

Therefore, the trial court's interpretation of the employment agreement as superseding the right of Astrix to seek arbitration under the contingent worker agreement was correct, and since the employment agreement did not require arbitration of employment disputes, Astrix's motion to compel arbitration was properly denied.[2]

## DISPOSITION

The trial court's order is affirmed. Respondent is awarded her costs of appeal.

 

_____
CHAVEZ, J.

We concur:

 

_____   _____
ASHMANN-GERST, Acting P. J.   HOFFSTADT, J.

_____

another" *when his own conduct renders assertion of those rights contrary to equity.*'" (*Metalclad Corp. v. Ventana Environmental Organizational Partnership* (2003) 109 Cal.App.4th 1705, 1713, italics added.) Here, Gooden notes Astrix agreed the employment agreement was the final and only agreement between them concerning her employment. There is nothing "contrary to equity" in her assertion that Astrix contracted away its right to arbitrate. This is not further grounds to allow Astrix to use equitable estoppel.

[2] Astrix also contends the trial court erred by excluding its evidence that Gooden signed the contingent worker agreement. As this does not identify any ground to reverse the superseded contingent workers agreement, we decline to address this issue.

9